**Michael ROSA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5309.**

Court of Appeals of Alaska.

May 7, 1981.

---

Ben Esch, Dickson, Evans, Esch & Papas, Anchorage, for appellant.

George W. Edwards, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

This is a sentence appeal. Michael Rosa was indicted on two counts of sale of cocaine to undercover agent James Ellis. Both sales occurred in Anchorage in November 1979.[1] He pleaded no contest to both counts, and was sentenced to two concurrent five-year terms. The sentencing judge specified that the sentence would run concurrently with a sentence of three years with one year suspended imposed by the superior court in Kotzebue on a conviction for possession of cocaine. Rosa now appeals the five-year sentence as excessive.

The presentence report indicates that Rosa had no criminal record, adult or juvenile, prior to his Kotzebue conviction, and that he had a solid employment history. The trial judge considered those factors but primarily based his sentence on his view that Rosa's cocaine transactions were on the "threshold" of large scale and that Rosa was not a likely candidate for rehabilitation given his lack of remorse.

Rosa argues that two opinions of the supreme court, when read in conjunction, require vacation of his sentence. The first, *Waters v. State*, 483 P.2d 199 (Alaska 1971), established four categories of drug offenses in terms of seriousness; Rosa claims that his offense involves only sales of small amounts and he therefore falls within the second category.[2] The second opinion, *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), set forth the rule that sentences should not exceed five years except where particularly serious offenses, dangerous offenders, or professional criminals are involved. Not being a first-category *Waters* offender, Rosa argues, he should receive less than a five-year term.

We believe there are two weaknesses in Rosa's argument. First, as the sentencing judge observed Rosa's transactions were on the "threshold" of being within the first category of drug offenses.[3] Second, the sentence imposed equaled, but did not exceed, five years. For these reasons we do not believe the supreme court's opinions in *Donlun* and *Waters* mandate a finding of excessiveness. *See also Strachan v. State*, 615 P.2d 611 (Alaska 1980).

---

1. Both sales involved one-quarter ounce of the drug; Rosa received $700 and $750 for the sales respectively.

2. The four categories of drug offenses in descending order of seriousness are:
    1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.
    2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.
    3. Possession of narcotics without intent to sell.
    4. Marijuana offenses.
    *Waters v. State*, 483 P.2d at 201.

3. The possession of cocaine offense in Kotzebue involved four ounces of cocaine that the presentence report estimated had a street value of $12,000. The cocaine was found in a hotel room occupied by Rosa and a co-defendant. A search of the room was conducted subsequent to the defendant's arrest for offering to sell an ounce of cocaine for $3,000 to a plain clothes police officer. According to the presentence report a large quantity of marijuana was also found during the search of the room.

Rosa was arrested on this charge on August 15, 1979. On September 21, 1979, Rosa was released on bond. The sales in the instant case took place on November 5, 1979 and November 15, 1979 while Rosa was on bond on the first case.

**660**

The supreme court recently discussed sentencing in drug cases in *Kelly v. State*, 622 P.2d 432, (Alaska 1981). Kelly was sentenced by the superior court to ten years with five suspended and a fine of $4,000 for sale of cocaine and possession of cocaine for sale. Apparently Kelly made a number of sales of cocaine including one sale of two ounces. The supreme court found Kelly's sentence was excessive and should not have been greater than five years with two years suspended.[4] We find that Rosa's case is readily distinguishable. The supreme court found that Kelly, age twenty-five, was "a youthful first offender who does show that he is receptive to rehabilitation." *Kelly v. State, Id.* at 440. Rosa was thirty-eight years old. Kelly's conviction was his first felony conviction. Rosa's conviction was his second felony drug conviction and was committed while he was on bond on the first charge. Moreover, the sentencing judge's decision to make this five-year sentence run concurrently to the one imposed by the Kotzebue court lessens the sentence's effect. The judge could clearly have imposed a consecutive sentence. *See Mutschler v. State*, 560 P.2d 377 (Alaska 1977) (affirming consecutive assault sentences where two men were cut by defendant in one brief knife fight). However, he decided to view Rosa's instant offenses as part of the "single transactional time frame" that included the Kotzebue offense. This must be considered in assessing this sentence. We therefore find Rosa's sentence is consistent with the supreme court's opinion in *Kelly.*

The record indicates that the sentencing judge carefully considered and weighed each of the *Chaney*[5] criteria in reaching his decision. Given the evidence of the extent of Rosa's involvement with illegal drugs and the fact that he was out on bond when these offenses occurred, we do not view the sentence he received as being clearly mistaken.[6]

Accordingly, the sentence is AFFIRMED.

4. The supreme court did not find the $4,000 fine excessive.

5. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1971).

6. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).