**John E. BUSH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. 7277, 7302.**

Court of Appeals of Alaska.

March 9, 1984.

Robert L. Griffin, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

This is a consolidated appeal involving one defendant. John E. Bush was convicted of two counts of selling cocaine, former AS 17.10.010, following a court trial. Bush was subsequently convicted of another count of selling cocaine, former AS 17.10.-010, and one count of perjury, AS 11.56.-200(a) following a jury trial. Bush's consolidated sentence on all charges was thirteen years with two suspended. Bush ap-

peals this sentence as excessive. He also appeals his convictions on the sale of cocaine charges which were tried by Judge Ripley, arguing that Judge Ripley erred in rejecting his entrapment defense. We affirm Bush's convictions but reverse his sentences.

## ENTRAPMENT

Bush concedes that entrapment is an issue for the court to decide. *Pascu v. State*, 577 P.2d 1064, 1066 n. 2 (Alaska 1978); *Grossman v. State*, 457 P.2d 226, 230 (Alaska 1969). The definition of entrapment is contained in AS 11.81.450:

> In any prosecution for an offense, it is an affirmative defense that, in order to obtain evidence of the commission of an offense, a public law enforcement official or a person working in cooperation with the official induced the defendant to commit the offense by persuasion or inducement as would be effective to persuade an average person, other than one who is ready and willing, to commit the offense. Inducement or persuasion which would induce only a person engaged in an habitual course of unlawful conduct for gain or profit does not constitute entrapment.

The entrapment defense was offered only in the first case, which was tried by Judge Ripley. At the entrapment hearing, Bush testified that Jason Martin had stored about an ounce of cocaine at Bush's home during the spring of 1981. According to Bush, Martin asked him to deliver cocaine to a man from Fairbanks on two occasions, April 10 and May 11, 1981. The buyer paid Bush for the cocaine even though Martin was present at the sales. Martin told Bush that he could not sell the cocaine himself because he owed the buyer money. Bush further testified that Martin later picked up the money from him. Martin was a police informant; the buyer was an undercover officer.

Bush called three witnesses, one of whom testified that he too had been "set-up" by Martin in drug sales with undercover police. This witness testified that Martin supplied him with the cocaine used in the sale. Another witness testified that Martin used and sold cocaine. The third witness testified that on one occasion Martin called Bush and asked him to bring cocaine to a bowling alley. Bush was busy, so this witness delivered the cocaine. Although this witness believed that the cocaine was Martin's, and Martin was present at the sale, the witness took the money from the transaction back to Bush's apartment.

Martin testified that he arranged the sales between Bush and the police. He denied ever giving Bush cocaine, or asking Bush to sell cocaine for him. Martin denied picking up the money from the April 10 and May 11 sales.

■ Judge Ripley ruled that Bush had not proved by a preponderance of the evidence that he had been entrapped. Judge Ripley did not believe Bush or his witnesses, finding that the state's witnesses were more credible. Judge Ripley's factual findings are not clearly erroneous. *Van Cleve v. State*, 649 P.2d 972 (Alaska App.1982).

Bush claims that Judge Ripley erred in not concluding that entrapment occurred because "the government was selling to the government." Bush contends that *United States v. Bueno*, 447 F.2d 903, 905 (5th Cir.1971), *cert. denied*, 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973), compels the conclusion that he was entrapped.

The *Bueno* theory seems to have been adopted by Alaska. It has been discussed by the Alaska Supreme Court in *Coffey v. State*, 585 P.2d 514 (Alaska 1978), and in *Evans v. State*, 550 P.2d 830 (Alaska 1976). In *Evans*, the court stated that the *Bueno* theory "would appear quite compatible with the existing law of entrapment in this jurisdiction." 550 P.2d at 845. In *Coffey*, the court noted this language in *Evans* and explained the Bueno holding as follows:

> [W]here a defendant testifies that a government informant supplied the illegal drugs which were then sold to a second government agent and the informant does not testify to the contrary,

entrapment is established as a matter of law.

585 P.2d at 521. The court could have applied the *Bueno* theory but reversed on a different ground. 585 P.2d at 522.

Although it appears that the *Bueno* theory has been accepted in Alaska, it is inapplicable to the instant case. By believing Martin over Bush, Judge Ripley found that the government had *not* supplied the cocaine used in the two sales to undercover police. Entrapment was therefore not established. We affirm Judge Ripley's decision that Bush failed to prove the affirmative defense of entrapment.

## SENTENCING ISSUES

On April 10, 1981, Bush sold one-quarter ounce of cocaine to an undercover officer for $700. On May 11, 1981, Bush again sold one-quarter ounce of cocaine to the police for the same amount. Following Bush's conviction, Judge Ripley sentenced him to two concurrent five-year sentences for these two sales. Bush's third sale of cocaine took place on February 16, 1982, while he was released on bail pending trial on the other charges. This sale also involved one-quarter ounce of cocaine sold to an undercover agent for $775. Bush was convicted for this sale. He was also convicted of perjury for denying at the entrapment hearing that he sold cocaine after the May 11, 1981 sale. Judge Moody sentenced Bush to six years for the sale of cocaine and two years for perjury. These sentences were made consecutive to each other and consecutive to the sentences imposed by Judge Ripley. Two years of the eight-year consecutive sentence were suspended. Therefore, Bush received a total sentence of thirteen years with two suspended.

■ These are Bush's first felony offenses but he does have an extensive misdemeanor record. At the time of Bush's offenses, AS 17.10.010 provided for a ten-year maximum sentence of imprisonment and a $5,000 fine. Presently, the sale of cocaine is prohibited by AS 11.71.030. Violation of this statute is a class B felony which has a maximum sentence of ten years, a presumptive sentence of four years for a second felony offender, and six years for a third felony offender. AS 12.-55.125(d): The possible sentences which Bush could receive under the current criminal code are relevant as the most recent expression of legislative intent in sentencing. However, the current criminal code is not controlling in reviewing a sentence under the former code. *Sundberg v. State,* 652 P.2d 113, 116 (Alaska App.1982).

Bush's cases seem similar to *Rosa v. State,* 633 P.2d 1027, 1031–33 (Alaska App. 1981), and *Rosa v. State,* 627 P.2d 658 (Alaska App.1981), which were decided under the former code by this court. Rosa's first offense involved a conviction for possession of about four ounces of cocaine. 633 P.2d at 1032. The sentencing judge found that Rosa had traveled to Kotzebue with the cocaine to sell it at a profit. Rosa was sentenced to three years with one suspended. Rosa was then convicted of two counts of selling cocaine which occurred when he was released on bond in the first case. Both sales involved the sale of one-quarter ounce of cocaine to an undercover officer. One sale was for $700, the other for $750. 627 P.2d at 659 n. 1. Rosa was sentenced to two five-year concurrent sentences on these later charges, and this sentence was made concurrent to Rosa's former sentence. Therefore, Rosa's composite sentence was five years compared to Bush's thirteen years with two years suspended. Of course, Rosa had no prior record, and Bush has an extensive misdemeanor record. Rosa's offenses also did not involve a perjury charge. Still, when Bush's conduct and sentence are compared to Rosa's, there appears to be little question that Bush's sentence is more severe.

■ We have reviewed several other cases which involve sentences for sale of cocaine and have not found any sentence as severe as the total sentence imposed on

Bush.[1] None of these cases, other than the *Rosa* case which we have previously discussed, involve a separate offense which was committed while the defendant was out on bail. None of the cases, including *Rosa,* involve a separate perjury charge. Yet the conclusion we draw from a review of the cases is that Bush's total sentence is excessive when compared to sentences which other defendants have received for similar offenses.

We conclude that Bush's total sentence on all charges should not exceed a total of eight years of actual imprisonment. There are probably a number of ways in which this could be analyzed, but we note that this total sentence would be equivalent to a sentence of six years for the cocaine sales with two years consecutive to that sentence for the perjury charge. On the cocaine charges, a six-year sentence would be equal to the presumptive sentence for a third felony offender under the new code. Although this is a high sentence, we believe that it is justified by Bush's misdemeanor record and the fact that he continued to sell cocaine while released on bond. A consecutive two-year sentence on the perjury charge would be appropriate to emphasize the fact that perjury is a separate offense involving the integrity of the justice system. We therefore order Bush's sentences on the two counts of sale of cocaine which were tried in front of Judge Ripley, No. 7277, to be reduced to two concurrent sentences of five years with two years suspended. The sentence for sale of cocaine which was tried in front of Judge Moody, No. 7302, should be reduced to three years, and be made consecutive to the sentences imposed in No. 7277. The sentence for perjury should be two years, made consecutive to the sentence imposed for sale of cocaine in No. 7302. Bush's total sentence would therefore be ten years with two years suspended on all of his offenses. The convictions appealed from are affirmed. The cases are REMANDED for resentencing.

---

1. *Kelly v. State,* 622 P.2d 432, 439–40 (Alaska 1981) (sentence reduced to five years with two years suspended for sale of two ounces of cocaine by a young first offender); *Strachan v. State,* 615 P.2d 611, 614–15 (Alaska 1980) (sentence could not exceed five years' imprisonment for sale and possession of cocaine where defendant had misdemeanor record); *Hawley v. State,* 614 P.2d 1349, 1361–62 (Alaska 1980) (six-year sentence upheld for sale of one ounce of cocaine by young offender with a prior felony conviction and a probation violation, and where evidence showed numerous other drug transactions; seven years upheld for sale of one ounce of cocaine by young offender with a substantial record of prior convictions, a "sophisticated seller"); *Johnson v. State,* 577 P.2d 230, 235 (Alaska 1978) (six years upheld for two small sales of cocaine where defendant had a prior felony conviction and two probation revocations); *Dana v. State,* 623 P.2d 348, 356 (Alaska App. 1981) (four years with two suspended for sale of one gram of cocaine where defendant had no prior felonies and appeared to be a sophisticated seller); *LeDuff v. State,* 618 P.2d 557, 558 (Alaska 1980) (sentence of seven years with four and one-half suspended upheld for sale of a small amount of cocaine by a young offender with a prior misdemeanor drug conviction).