Kenneth M. HARVEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–341.

Court of Appeals of Alaska.

Dec. 7, 1984.

Joseph A. Kalamarides, Kalamarides, MacMillan & Richard, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

After entering pleas of no contest, Kenneth M. Harvey was convicted of three counts of misconduct involving a controlled substance in the third degree, AS 11.71.-030(a)(1). The offenses are class B felonies, punishable by a maximum sentence of ten years' imprisonment; presumptive sentences of four and six years' imprisonment are prescribed for second and subsequent felony offenders. AS 12.55.125(d). Superior Court Judge Ralph E. Moody sentenced Harvey to concurrent terms of five years in prison, with three years suspended.[1] Harvey appeals, contending that the sentences are excessive. We affirm.

Harvey's convictions involve three separate sales of cocaine to an undercover officer. Although the total amount of cocaine sold by Harvey during the three sales was not particularly large—slightly less than one-half ounce—neither was the amount negligible. Two of the three sales for which Harvey was convicted were clearly commercial in nature and appear to have been part of an ongoing course of conduct that occurred over an extended period of

---

1. Judge Moody further ordered that Harvey complete five years of probation. As special conditions of probation, Judge Moody required Harvey to perform 300 hours of community service, pay $1,070 in restitution, pay a suspended fine of $5,000, and receive TASC monitoring.

time. Harvey was twenty-eight years old at the time of these offense, and his primary motivation in selling cocaine was to obtain funds to support his own addiction to the drug. Harvey had no prior criminal record; however, in 1981, while serving in the navy, he was incarcerated for forty-five days in a military jail after problems with cocaine abuse caused him to go AWOL.

 Although Harvey claims that Judge Moody failed to consider rehabilitation in imposing his sentence, a review of the sentencing record indicates that the judge expressly acknowledged rehabilitation as an important factor and gave it weight in determining the appropriate sentence Harvey should receive. Judge Moody also emphasized deterrence of others and community condemnation as sentencing goals. This emphasis was not inappropriate. The sentencing court bears the primary responsibility for determining the priority to be given to applicable sentencing goals, and rehabilitation need not be accorded paramount significance in all cases. *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973); *Nicholas v. State,* 477 P.2d 447, 448–49 (Alaska 1970). While Harvey's total sentence of five years with three years suspended is undeniably a substantial sentence, it is not significantly higher than sentences approved in similar cases. *See Bush v. State,* 678 P.2d 423, 426 n. 1 (Alaska App.1984). Having independently reviewed the totality of the sentencing record in this case, we cannot say that the sentences imposed by the superior court are clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.