Michael E. SMITH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2021.

Court of Appeals of Alaska.

Nov. 20, 1987.

**1376**

Phillip Paul Weidner, Weidner and Associates, Anchorage, for appellant.

Cynthia Ducey, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and JOHNSTONE, Superior Court Judge.*

## OPINION

SINGLETON, Judge.

Michael E. Smith pled no contest and was convicted of one count of misconduct involving a controlled substance in the fourth degree (possession of cocaine), a class C felony. AS 11.71.040(a)(3)(A). Smith has one prior felony conviction. He was therefore vulnerable to a presumptive two-year term. AS 12.55.125(e)(1). After finding two mitigating factors, the trial court imposed a sentence of two years with one year suspended. Smith appeals, contending that the sentence is excessive. We affirm.

On October 25, 1986, police officers, acting upon an informer's tip, arrested Smith at the Anchorage International Airport, in possession of fifteen pounds of marijuana. Smith informed the officers that he had approximately four additional pounds of marijuana at his apartment and consented to their searching it. The officers returned with Smith to his apartment where they discovered the four pounds of marijuana. In addition, they found various utensils and implements used in conjunction with pre-paring cocaine and marijuana for use. Cocaine residue was found on scales and on a spoon. The white-powder residue seized at the defendant's residence was confirmed to be cocaine in a total amount of approximately one-fifth of a gram. The marijuana in Smith's possession had a street value of approximately $85,000, and the cocaine residue was worth approximately $30. Smith was charged in a three-count indictment with possession of marijuana for distribution and with possession of cocaine. He pled no contest to the cocaine charge and the two marijuana charges were dismissed.

## THE OFFENDER

Michael E. Smith was forty-five years of age at the time of sentencing. He has been employed throughout most of his adult life as a carpenter, but, apparently due to injuries, has had little verified employment since 1984. Smith completed the tenth grade and joined the Navy, where he received his G.E.D. He was honorably discharged from the Navy.

Smith has one prior felony conviction. In 1983, he pled no contest to one count of sexual abuse of a minor, a class C felony, former AS 11.41.440(a)(1). Apparently Smith, then age forty-one, engaged in sexual intercourse on a number of occasions with the fourteen-year-old daughter of some friends.[1]

## THE SENTENCE

Smith proposed four mitigating factors: (1) AS 12.55.155(d)(9) (the conduct constituting the offense was among the least serious conduct included in the definition of the offense); (2) AS 12.55.155(d)(13) (the facts underlying the commission of the offense and any previous offenses by the defendant establish that the harm caused by the defendant's conduct was consistently minor and inconsistent with the imposition of a substantial period of imprisonment); (3) AS 12.55.155(d)(14) (the defendant was convicted of an offense specified in AS 11.71, and the offense involved small quantities of a

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Smith's conduct would be a class B felony under current law. *See* AS 11.41.436(a)(1).

controlled substance); and, (4) AS 12.55.-155(d)(16) (the defendant was convicted of an offense specified in AS 11.71 and the offense involved the possession of a small amount of a controlled substance for personal use in the defendant's home).

The trial court concluded that Smith's conduct was not among the least serious conduct included in the definition of the offense. In view of the drug paraphernalia found in Smith's home, he concluded that Smith was not a major dealer in cocaine but that he did, at least, pass it out among his friends and was therefore distributing to some degree. The trial court also rejected the contention that Smith's possession was solely for personal use in his own home, again apparently reasoning that Smith did share cocaine with his friends.

Judge White found two mitigating factors: that Smith's possession was of relatively small quantities, and that the harm caused by his conduct was consistently minor and inconsistent with the imposition of a substantial period of imprisonment. Judge White reasoned that Smith's prior offense seemed to be very minor—in the nature of statutory rape, as opposed to a true child molesting or a sexual abuse of a minor. Judge White noted that the prior sentencing court had considered Smith's sexual offense relatively insignificant, requiring only five days of incarceration.[2]

Judge White carefully considered the *Chaney* criteria: rehabilitation, deterrence of self and others, isolation, and affirmation of community norms. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). Judge White noted that the two-year presumptive sentence was for possession, not sale, *i.e.*, not for distribution or delivery of

cocaine. He discounted the significance of Smith's prior felony conviction. Judge White concluded that Smith was minimally engaged in the commercial distribution of cocaine, and to some degree in the commercial distribution of marijuana, noting that Smith explained his involvement with marijuana as motivated by greed. Therefore, Judge White perceived Smith's cocaine possession as more serious than an impulsive single incident. Finally, Judge White noted that even where mitigating factors are found, a trial court should not deviate substantially from a presumptive sentence, but should carefully weigh the significance of the mitigating factors in light of the *Chaney* criteria. *See, e.g., Linn v. State*, 658 P.2d 150, 153 (Alaska App.1983). He therefore imposed a sentence of two years with one year suspended.

## DISCUSSION

The supreme court has previously divided drug offenses into four categories:

1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.

2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.

3. Possession of narcotics without intent to sell.

4. Marijuana offenses.

*Davis v. State*, 577 P.2d 690, 693 (Alaska 1978); *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971). Judge White's findings would apparently place Smith somewhere between categories two and three.

---

2. Although, for the purposes of this opinion, we will assume that the second mitigator was properly found, the conclusion that Smith's prior sexual offense was relatively insignificant is problematic.

It is true that Smith served only five days and that past incarceration is highly relevant in determining a person's amenability to deterrence and rehabilitation. The court, however, must look at the offense as well as the sentence imposed. *See Skrepich v. State*, 740 P.2d 950, (Alaska App.1987). Smith had sexual intercourse on numerous occasions, during a four-month period, with a fourteen-year-old daughter

of a friend. It appears that the "victim" was a willing participant and may have even instigated the contact. There was no evidence of violence, and up until that time Smith had an exemplary record. Nevertheless, the offense was serious, given the substantial age disparity between the participants. *See, e.g., Alvarado v. State*, 626 P.2d 582 (Alaska 1981); *Depp v. State*, 686 P.2d 712, 720–21 (Alaska App.1984); *State v. Brinkley*, 681 P.2d 351 (Alaska App.1984); *State v. Morris*, 680 P.2d 1190 (Alaska App.1984); *State v. Coats*, 669 P.2d 1329 (Alaska App.1983); *Goulden v. State*, 656 P.2d 1218, 1222 (Alaska App.1983).

We have had occasion to consider sentences for cocaine offenses in a number of cases. At one extreme are major suppliers, often with past criminal convictions, who in effect operate a continuing criminal enterprise. For such a person we have affirmed a sentence of forty years. *See Resek v. State,* 715 P.2d 1188, 1192–93 (Alaska App. 1986). Next, in descending order of seriousness, are individuals who deal in large amounts (sales akin to "wholesale transactions") but who are first offenders with otherwise exemplary records. We have indicated that an unsuspended term of up to four years may be appropriate for them, but that a four-year term should be exceeded only in truly exceptional cases. *See, e.g., Blakesley v. State,* 715 P.2d 269 (Alaska App.1986); *Rivas v. State,* 706 P.2d 1202 (Alaska App.1985); *Brandenburg v. State,* 705 P.2d 1331 (Alaska App.1985); *Marin v. State,* 699 P.2d 886 (Alaska App. 1985); *Stuart v. State,* 698 P.2d 1218 (Alaska App.1985); *Lausterer v. State,* 693 P.2d 887 (Alaska App.1985). *Cf., Resek v. State,* 705 P.2d 463 (Alaska App.1985).

For ongoing commercial sales of relatively small amounts of cocaine (sales that could be likened to "retail" transactions) a sentence of up to five years has been approved. *See Strachan v. State,* 615 P.2d 611 (Alaska 1980). But we have more readily approved sentences of up to, but not exceeding, two years of imprisonment. *See, e.g., Harvey v. State,* 691 P.2d 1061 (Alaska App.1984); *Resek v. State,* 644 P.2d 877 (Alaska App.1982); *Rosa v. State,* 633 P.2d 1027 (Alaska App.1981); *Dana v. State,* 623 P.2d 348 (Alaska App.1981). *See also Yates v. State,* 681 P.2d 1362 (Alaska App.1984); *Bush v. State,* 678 P.2d 423 (Alaska App.1984); *Hawley v. State,* 648 P.2d 1035 (Alaska App.1982). The supreme court has approved similar sentences. *See Leduff v. State,* 618 P.2d 557,

558 (Alaska 1980); *Elliott v. State,* 590 P.2d 881 (Alaska 1979).

In evaluating possessory offenses, Alaska appellate courts have looked to the extent of commercial involvement. *See, e.g., Staats v. State,* 717 P.2d 413 (Alaska App. 1986) (first offender convicted of possession of cocaine with intent to deliver; sentence of six years with two years suspended affirmed); *Adams v. State,* 706 P.2d 1183 (Alaska App.1985) (twenty-six-year-old established businessman, first felony offender, having substantial involvement with a major cocaine distribution network was convicted of simple possession; sentence of three years with one year suspended affirmed).

Where possession was purely for personal use, and there was no evidence of commercial involvement, substantially lesser sentences have been approved. *See, e.g., State v. Walls,* 601 P.2d 1050 (Alaska 1979) (defendant convicted of possession of cocaine received three years with all but seven days suspended and a $5,000 fine; held not too lenient); *Wharton v. State,* 590 P.2d 427 (Alaska 1979) (eighteen-year-old convicted of first felony offense, possession of small quantity of cocaine; sentence of one year with no suspended time too severe, remanded for imposition of a suspended sentence); *Weltin v. State,* 574 P.2d 816 (Alaska 1978) (first offender, arrested in possession of firearm, convicted on single count of possession of cocaine; trial court imposed suspended sentence and $500 fine, but would not suspend total sentence; sentence affirmed).

Smith's sentence of two years with one year suspended is consistent with sentences previously imposed. Smith is not a youthful first felony offender. His possession was not exclusively for personal use in the home.[3] The trial court could consider

---

**3.** The trial court was not clearly mistaken in rejecting Smith's contention that his offense was among the least serious included within the definition of the offense, AS 12.55.155(d)(9); nor was rejection of this factor inconsistent with the mitigating factors found by the trial court, AS 12.55.155(d)(13) and (14). The trial court could consider verified information in the record in determining the extent of Smith's in-

volvement with controlled substances. *See Schnecker v. State,* 739 P.2d 1310, 1312–14 (Alaska App.1987); *Ridgely v. State,* 739 P.2d 1299, 1302 (Alaska App.1987) (where jury convicted defendant of second-degree murder but trial court was persuaded by verified information at sentencing that defendant was really guilty of premeditated murder, defendant was "worst of-

Smith's simultaneous possession of substantial quantities of marijuana in determining his amenability to rehabilitation.[4] The sentence of the superior court is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).[5]

The sentence is AFFIRMED.

BRYNER, C.J., not participating.

fender" for second-degree murder justifying maximum ninety-nine-year sentence).

4. Smith was originally charged with two counts of misconduct involving a controlled substance in the fourth degree (possession of marijuana for distribution) AS 11.71.040(a)(2), for the fifteen pounds of marijuana seized at the airport and the four pounds of marijuana seized at his home. These charges were dismissed. The state contends that the dismissal was intended to prevent release of an informant's name to the defendant, pursuant to Alaska Evidence Rule 509. Regardless of the reason for dismissing the marijuana charges, Smith could not be sentenced for *possession of marijuana for distribution.* His possession of marijuana, however, could be considered, as it might affect his amenability to rehabilitation. Consequently, since the trial court should not place undue weight on uncharged offenses, even where verified, the marijuana possession should not be given controlling significance. *Pruett v. State,* 742 P.2d 257, 264–65 (Alaska App.1987); *Skrepich,* 740 P.2d at 954–57; *Rhodes v. State,* 717 P.2d 422 (Alaska App.1986). It does not appear that Judge White placed undue significance on Smith's marijuana possession or considered it inappropriately.

5. During her sentencing argument, the prosecutor asked the court to consider the fact that Smith had been unemployed for two years as evidence that he was supporting himself through illegal drug transactions. The mere fact that Smith has not earned steady wages cannot suffice to support an inference that he has been involved in ongoing criminal activity. *Donlun v. State,* 550 P.2d 369, 371 n. 5 (Alaska 1976); *McReynolds v. State,* 739 P.2d 175, 180 & n. 3 (Alaska App.1987). It does not appear, however, that Judge White assigned any significance to Smith's lack of verified employment.