**Wesley B. FOSTER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2324.**

Court of Appeals of Alaska.

April 1, 1988.

John Hagey, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth J. Goldman, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Wesley B. Foster was convicted, based upon his plea of no contest, of sexual abuse of a minor in the second degree, a class B felony. AS 11.41.436(a)(1). Superior Court Judge Richard D. Savell sentenced Foster to serve a term of four years with two and one-half years suspended. Judge Savell also ordered Foster to complete a sexual-offender treatment program as a condition of his probation.

Foster filed a motion to reduce sentence, and a hearing was held on this motion. Judge Savell denied Foster's motion to reduce sentence. Foster has now appealed to this court. We affirm.

Foster was convicted of engaging in one act of vaginal intercourse with C.H. Foster was twenty-five years old at the time of the offense; C.H. was fourteen. Foster admitted that he committed the act of intercourse, but contended that C.H. consented to, and even initiated, the sexual contact. C.H.'s version of the offense differed from Foster's. She stated that Foster forced her to have intercourse. Foster's only prior criminal record consists of a conviction for driving with a suspended operator's license.

Sexual abuse of a minor in the second degree is a class B felony punishable by a maximum sentence of ten years. The presumptive sentence for a second felony offender is four years. As a first felony offender, Foster should be sentenced to a period of imprisonment of less than the four-year presumptive term for a second offender unless the case presents exceptional circumstances. *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981). Be-

low this limit set by *Austin,* the trial court has considerable discretion in evaluating the offense and the offender and in setting an appropriate sentence.

On appeal, Foster emphasizes his good prior record and his version that C.H. initiated the offense. He also points to a psychological report by Dr. Steve Parker which concluded that Foster's prospects for rehabilitation were excellent without further incarceration, and that Foster would be unlikely to reoffend. Judge Savell, however, found that Foster's version of the offense was inconsistent with some of the facts of the case. His reluctance to accept Foster's version of the offense appears well-founded. Judge Savell was also entitled to be skeptical of the psychological report and to consider factors in sentencing other than just Foster's rehabilitation. We conclude that the sentence was not clearly mistaken. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.