**Alec R. LEWIS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2552.**

Court of Appeals of Alaska.

March 3, 1989.

Lisa M. Fitzpatrick and Susan Orlansky, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for appellant.

Marcia H. Bissell, Asst. Dist. Atty., Dwayne McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Alec R. Lewis was convicted, based upon his plea of no contest, of four counts of misconduct involving a controlled substance in the third degree, a class B felony. AS 11.71.030(a)(1). Superior Court Judge Karl S. Johnstone sentenced Lewis to a composite sentence of eight years with four years suspended. Lewis appeals to this court, arguing that his sentence is excessive.

Lewis was convicted of four separate sales of cocaine. Three of the convictions involved sales of approximately one ounce of cocaine for approximately $1,400 for each separate sale. Lewis' major conviction involved the sale of approximately one kilogram (2.2 pounds) of cocaine for $32,-000. After Lewis entered his no contest plea, the state dropped charges that Lewis sold cocaine on several other occasions. Following Lewis' arrest, the police obtained a search warrant for his home. The police found about $4,000 in cash, approximately thirty weapons, and approximately two

ounces of cocaine. The police also found a police scanner and a scale of the type normally used to measure controlled substances.

Lewis was twenty-three at the time of the offense. He had no prior criminal record except for a reckless driving conviction in March of 1988. However, before his sentencing Lewis was released on bail; one of his conditions of release was that he regularly submit to a urinalysis examination to determine whether he was using any drugs. Lewis was detected using cocaine during his release on bail.

Misconduct involving a controlled substance in the third degree is a class B felony. AS 11.71.030(c). The maximum sentence for a class B felony is ten years. AS 12.55.125(d). There is a presumptive sentence of four years for a second felony offender and six years for a third felony offender. Id. In Austin v. State, 627 P.2d 657, 657–58 (Alaska App.1981), we stated: "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." Lewis points out that his sentence of four years of actual imprisonment is equal to the four-year presumptive sentence for a second felony offender. He points out that in addition to the four years of actual incarceration, he faces a suspended sentence which potentially involves four additional years of imprisonment.

■ Judge Johnstone found that Lewis' offenses were particularly serious because of the quantity of drugs in which Lewis dealt. Lewis argues on appeal that some of the information which was presented to Judge Johnstone, which tended to establish that Lewis was a major cocaine dealer, was not sufficiently verified. See Nukapigak

v. State, 576 P.2d 982 (Alaska 1978). However, it is undisputed that Lewis made several sales involving one ounce of cocaine and completed the major sale involving one kilogram of cocaine for $32,000. The quantity of drugs in which Lewis dealt and the surrounding circumstances of these sales and the later search of Lewis' residence, establish Lewis as a substantial cocaine dealer.

With respect to the extent of his involvement in selling cocaine, Lewis appears to us to be similar to the defendants in Stuart v. State, 698 P.2d 1218 (Alaska App.1985) and Lausterer v. State, 693 P.2d 887 (Alaska App.1985). In Lausterer, we stated that "it would ordinarily be appropriate to regard eight ounces or more of cocaine as a large quantity—one that is indicative of commercial activity at the wholesale level." 693 P.2d at 891. Lausterer involved the sale of approximately one pound of cocaine for $40,000. Id. We concluded that the sale of a large quantity of cocaine constituted an aggravating factor for sentencing purposes and placed Lausterer among the most serious offenders under the categories established by the supreme court in Waters v. State, 483 P.2d 199 (Alaska 1971).[1] We concluded that Lausterer was therefore in a serious category of drug offenders although he probably was not a "titan of the narcotics industry." Lausterer, 693 P.2d at 891. We also concluded that Lausterer was a serious enough offender so that, without violating the principles of Austin, the trial court could impose a sentence of six years with two years suspended. 693 P.2d at 892.

In Stuart, the defendant had approximately $67,000 in cash and fifteen ounces of cocaine valued at $45,000 at his residence at the time of his arrest. 698 P.2d at

1. AS 12.55.155(c)(25) provides that a statutory presumptive sentence may be adjusted upward when "the defendant is convicted of an offense specified in AS 11.71 [any offense involving controlled substances] and the offense involved large quantities of a controlled substance[.]" In Waters, the Alaska Supreme Court suggested that drug offenders should be grouped for sentencing purposes into the following four categories:

1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.
2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.
3. Possession of narcotics without intent to sell.
4. Marijuana offenses.
483 P.2d at 201.

1223. We concluded that these and the other facts in the case "all suggest an ongoing, organized, and profitable criminal enterprise which supports [the trial judge's] finding that [Stuart] was 'the equivalent of a professional criminal.'" *Id.* We concluded that Stuart's situation was "virtually indistinguishable" from Lausterer's. We concluded that Stuart "fell into the most serious category of drug dealers, those who are engaged in smuggling or sale of large quantities of narcotics or possession of large quantities for sale." *Id.* at 1223–24. While we concluded that Stuart's offense was sufficiently serious to classify his offense as exceptional so as to justify the imposition of a sentence which was greater than the presumptive sentence for a second felony offender, we also concluded that Stuart's sentence should not be greater than that received by Lausterer: six years with two years suspended. We therefore ordered Stuart's sentence of twelve years with six years suspended reduced to six years with two years suspended.

We conclude that Lewis is in the same category of offender as Lausterer and Stuart. Judge Johnstone could properly classify him as a particularly serious offender based on the quantities of cocaine with which he was dealing. Because Lewis is a relatively young offender at age twenty-three, an argument could be made that he should receive a more lenient sentence than Lausterer or Stuart, who are older offenders.[2] However, the fact that Lewis used cocaine while he was released on bail undermines any advantage which he might have in this regard.

Although Lewis can properly be classified as a serious drug offender, he is still entitled to be sentenced as a first felony offender. We do not believe that the facts of this case justify approving a sentence for Lewis that is in excess of the sentence which Lausterer and Stuart received. A sentence of four years of actual

imprisonment is equivalent to the presumptive sentence which the legislature has set forth for a second felony offender. Six years is the presumptive sentence for a third felony offender. Consequently, we conclude that Lewis' sentence should not exceed six years with two years suspended. We accordingly conclude that the sentence which Judge Johnstone imposed was clearly mistaken. We therefore order the trial court to impose a sentence not to exceed six years with two years suspended.

Lewis' sentence is VACATED; the case is REMANDED for resentencing consistent with this opinion.

---

**2.** Lausterer was forty-one years old at the time of his offense. *Lausterer,* 693 P.2d at 889. Stuart's age is not set forth in the opinion. However, Stuart had received an honorable dis-

charge, had a family and good work history, and was a successful business man. *Stuart,* 698 P.2d at 1223. It therefore appears that Stuart was considerably older than Lewis.