**Narario
VASQUES–VILLEGAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–3426.

Court of Appeals of Alaska.

Oct. 5, 1990.

Glenn E. Cravez, Glenn E. Cravez, Inc., Anchorage, for appellant.

Erin B. Marston, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

BRYNER, Chief Judge.

Narario Vasques–Villegas was convicted after pleading no contest to one count of misconduct involving a controlled substance in the third degree (delivery of cocaine). The offense, a class B felony, carries a maximum penalty of ten years and presumptive terms of four and six years for second and subsequent felony offenders. Superior Court Judge Karl S. Johnstone sentenced Vasques–Villegas, a first felony offender, to a term of three years. Vasques–Villegas appeals, contending that the sentence is excessive. We affirm.

Vasques–Villegas was convicted for selling approximately one ounce of cocaine to an undercover officer for $1,250. About ten days before this sale, Vasques–Villegas had sold one-eighth of an ounce of cocaine to the same officer. On both occasions, Vasques–Villegas indicated that he could obtain larger quantities of cocaine for sale. At the time of his arrest, Vasques–Villegas was driving a car with two other people as passengers. Vasques–Villegas had a large sum of cash on his person. In the car, the police found additional cash totaling approximately $45,000, as well as a stolen handgun.

Vasques–Villegas was twenty-six years old at the time of the offense. Although a first felony offender, he has prior misdemeanor convictions for assault and leaving the scene of an accident. He had recently completed probation for the assault conviction. In the months prior to his arrest, Vasques–Villegas seems to have experienced a growing problem with alcohol

* Sitting by assignment made pursuant to article    IV, section 16 of the Alaska Constitution.

abuse; he was fired from his job as a cook as a result of the problem.

On appeal, Vasques–Villegas contends that the court erred in finding him to be a mid-level cocaine dealer and sentencing him accordingly. Citing *Smith v. State*, 745 P.2d 1375, 1378 (Alaska App. 1987), Vasques–Villegas claims that his sentence should not have exceeded two years' imprisonment. However, Vasques–Villegas was convicted for selling a quantity of cocaine which, while not particularly large, was also not particularly small. The sentencing court could certainly find that the one ounce sale was consistent with a lower-level wholesale transaction. Moreover, the sale was not an isolated transaction, and Vasques–Villegas represented that he had access to even greater quantities. Finally, the stolen handgun and the large amounts of cash discovered by the police upon Vasques–Villegas' arrest lend support to the conclusion that his involvement in cocaine trafficking was neither casual nor at the lowest levels of the trade. Considering the record as a whole, Judge Johnstone was not clearly erroneous in characterizing Vasques–Villegas as a mid-level cocaine trafficker.

*Smith v. State* thus provides little support for Vasques–Villegas' claim of excessiveness. While *Smith* indicated that a sentence not exceeding two years was typical for first offenders convicted of selling cocaine, it also noted that terms of up to five years have been approved. *Smith*, 745 P.2d at 1378. In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we held that first felony offenders should normally receive a sentence more favorable than the presumptive term for a second offender convicted of the same crime. We have recognized, however, that, below this limit, the sentencing court exercises broad discretion in determining an appropriate sentence. *Foster v. State*, 751 P.2d 1383, 1383–84 (Alaska App.1988).

Here, the three-year term that Vasques–Villegas received was within the range appropriate for a moderately aggravated first offense class B felony. *State v. Jackson*, 776 P.2d 320, 326 (Alaska App. 1989). This appears to be a fair characterization of Vasques–Villegas' case. There is little in the sentencing record indicating that Vasques–Villegas' prospects for rehabilitation are particularly favorable compared to typical first offenders; indeed, his misdemeanor record suggests that his prospects for rehabilitation may be somewhat worse than average. Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.