William H. DAWSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6945.

Court of Appeals of Alaska.

March 19, 1999.

Lori M. Bodwell, Fairbanks, for Appellant.

Scott L. Mattern, Assistant District Attorney, Harry L. Davis, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In early 1997, William H. Dawson was indicted on eight counts of selling cocaine [1] during the months of October through December, 1996, as well as one additional count of maintaining a "crack house" [2] during those months. Dawson ultimately pleaded no contest to three of the sale counts; in return, the State dismissed the other charges and also dismissed another case that was pending against Dawson, a sale of cocaine charge in case number 4FA–96–3487 Cr.

Dawson's offenses are class B felonies.[3] Dawson had one prior felony conviction for assault with a dangerous weapon under section 11.15.220 of the former criminal code, but this conviction was from 1976—old enough that it no longer counted for presumptive sentencing purposes.[4] Dawson was therefore a "first felony offender" for sentencing purposes.

In sentencing Dawson for the three deliveries of cocaine, Superior Court Judge Ralph R. Beistline found that Dawson was "running a crack house in Fairbanks and ... got caught". Judge Beistline also noted that, although Dawson was a first felony offender, he had a long history of criminal offenses dating back to 1964. The judge sentenced Dawson to a composite term of 6 years with 2 years suspended (4 years to serve).

Dawson first argues that he should not be treated as a repetitive cocaine seller. Dawson concedes that he pleaded no contest to three separate sales of cocaine, and he admits that the evidence at sentencing showed that he made several more sales of the drug during the three months mentioned in the indictment. But Dawson blames the police

---

1. Third-degree misconduct involving a controlled substance, AS 11.71.030(a)(1)(A).

2. Fourth-degree misconduct involving a controlled substance, AS 11.71.040(a)(5).

3. *See* AS 11.71.030(c).

4. *See* AS 12.55.145(a)(1)(A).

for his repeated violations of the law. Dawson points out that the police had the opportunity to arrest him after the first sale of cocaine in October 1996. He argues that his later sales of cocaine occurred only because the police refrained from arresting him, choosing instead to send their undercover agent back to Dawson's residence to buy more cocaine from him.

Dawson's argument may be creative, but it is unavailing. Dawson does not dispute that he was ready and willing to trade cocaine for money. On each occasion charged, the police did no more than give Dawson the opportunity to sell his goods. Even though the police sent purchasers to Dawson's door, Dawson's voluntary conduct (selling the cocaine) was a "substantial factor" in causing each delivery of cocaine, and he is therefore criminally responsible for these offenses.[5]

Dawson next argues that his sentence is excessive. *State v. Jackson* [6] establishes a benchmark range of 1 to 4 years to serve for first felony offenders who commit a typical to moderately aggravated class B felony.[7] Dawson's sentence is at the top of this range. On appeal, Dawson contends that he should have received a sentence more toward the middle of the range; he argues that his offense should have been viewed as "typical" rather than "moderately aggravated".

*Jackson* provides the general benchmark sentencing ranges for first felony offenders convicted of class B felonies. But in our prior sentencing decisions involving defendants convicted of selling cocaine, we have established a more precise series of benchmarks for this particular offense.

We have routinely approved sentences of up to 2 years to serve for defendants convicted of small-scale retail sales of cocaine. See, for example, *Sirilo v. State* [8], *Blakesley v. State* [9], and *Dana v. State* [10]. For defendants convicted of selling wholesale or borderline-wholesale quantities of cocaine, we have upheld sentences of 4 years to serve. See, for example, *Lewis v. State* [11], *Staats v. State* [12], *Rivas v. State* [13], and *Lausterer v. State* [14]. We have also approved severe sentences for defendants who, although convicted of only retail-quantity sales, continued to sell cocaine while on bail release. See, for instance, *Johnson v. State* [15], *Bush v. State* [16], and *Rosa v. State* [17].

Dawson's case lies in the middle of this range. The record supports Judge Beistline's finding that Dawson was "running a crack house". Dawson (either personally or through associates) made numerous sales of cocaine during a ten-week period. However, all of these sales were of strictly retail quantity: with one exception (a $250 sale), the amounts of money involved never exceeded $110. Judge Beistline correctly noted that Dawson had a lengthy involvement with the justice system. However, with one exception (a misdemeanor assault conviction in 1996, for which Dawson was sentenced to serve 4 days in jail), all of Dawson's convictions were more than 10 years old and none of them involved sale or possession of drugs. Under these circumstances, we conclude that Dawson's sentencing is governed by our decision in *Major v. State*.[18]

The defendant in *Major* was convicted of five counts of third-degree controlled substance misconduct (sale of cocaine), and she

---

5.  *See State v. Malone*, 819 P.2d 34, 36 (Alaska App.1991) (quoting R. Perkins & R. Boyce, *Criminal Law* (3rd ed.1982), § 9, pp. 779–780).

6.  776 P.2d 320 (Alaska App.1989).

7.  *See id.* at 326–27.

8.  840 P.2d 277, 278–79 (Alaska App.1992).

9.  715 P.2d 269, 271–72 (Alaska App.1986).

10.  623 P.2d 348, 356 (Alaska App.1981).

11.  769 P.2d 450, 451–52 (Alaska App.1989).

12.  717 P.2d 413, 422 (Alaska App.1986).

13.  706 P.2d 1202, 1205 (Alaska App.1985).

14.  693 P.2d 887, 891–92 (Alaska App.1985).

15.  919 P.2d 767, 773–74 (Alaska App.1996).

16.  678 P.2d 423, 426 (Alaska App.1984).

17.  627 P.2d 658, 659–660 (Alaska App.1981).

18.  798 P.2d 341 (Alaska App.1990).

was initially sentenced to 8 years' imprisonment with 4 years suspended (4 years to serve).[19] Although Major was convicted of only five sales, the record showed that she was extensively involved in commercial sales of cocaine over a lengthy period.[20] Indeed, she was "the center of activity for several other persons who sometimes acted as [her] courier".[21] Major also had "somewhat worse than average prospects for rehabilitation".[22] However, Major's sales of cocaine involved small retail quantities—one-eighth and one-sixteenth of an ounce.[23] Weighing these factors in combination, this court concluded that Major should not be placed in the same category as those offenders who sold cocaine in wholesale or borderline-wholesale quantities. We reversed her sentence of 4 years to serve, and we directed the superior court to sentence Major to no more than 6 years with 3 years suspended.[24]

The facts of Dawson's case are quite similar to the facts presented in *Major.* Dawson, like Major, engaged extensively in the cocaine trade; Judge Beistline found that Dawson was the center of activity—that he ran the crack house. Nevertheless, Dawson sold cocaine in small retail quantities, not wholesale quantities.

Dawson's criminal history is lengthy, but this history is old and does not include any drug offenses. Judge Beistline did not find that Dawson's prior offenses had any particular relevance to the current charges.

We conclude, as we did in *Major,* that a sentence of 4 years to serve is clearly mistaken.[25] Dawson's sentence is REVERSED, and the superior court is directed to sentence Dawson to no more than 6 years' imprisonment with 3 years suspended.

19. *See id.* at 341.

20. *See id.* at 344–45.

21. *Id.* at 345.

22. *Id.*

23. *See id.* at 344.

24. *See id.* at 346.

25. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (holding that an appellate court will affirm a sentencing decision unless it is clearly mistaken).