Winthrop M. ELLIOTT, Appellant,

v.

STATE of Alaska, Appellee.

No. 3379.

Supreme Court of Alaska.

Feb. 16, 1979.

James T. Robinson, Groh, Eggers, Robinson, Price and Johnson, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

RABINOWITZ, Justice.

Winthrop Elliott brings this sentence appeal from a sentence of three years imprisonment which was imposed by the superior court upon his plea of guilty to the crime of selling cocaine in violation of AS 17.10.010.[1] We affirm.

The events leading to Elliott's arrest are detailed in *Wharton v. State*, Op.No.1797 (Alaska 1979) 590 P.2d 427, and will only briefly be summarized here. In October 1976, at Glennallen, two Alaska State Trooper investigators met Elliott, who stated that he could sell them cocaine for $150 per gram. The following evening the investigators met Elliott at Alyeska's Glennallen pipeline camp. Eventually Elliott produced two packets of cocaine which the troopers paid for with three marked one hundred dollar bills. Two backup officers then entered the room and placed Elliott and Wharton (an involved party) under arrest. Subsequently, Elliott voluntarily produced eleven additional packets of cocaine, weighing a total of approximately ten grams.[2]

Elliott was 20 years old at the time he sold the cocaine to the undercover officers. Until this time, Elliott's only previous offense was that of shoplifting, committed in December 1975. As a result of that charge, Elliott was placed on probation and apparently had successfully completed his term of probation. The presentence report indicates that Elliott has worked steadily since January 1975, and that he has been supporting himself. Elliott graduated from high school in June 1974, and has completed one

---

1. AS 17.10.010 provides:

    *Acts Prohibited.* It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, or compound any narcotic drug except as authorized in this chapter.

2. These packets of cocaine were beneath Elliott's bed wrapped in a plastic bag. Additionally, Elliott had one other gram of cocaine in his possession at the time of his arrest.

semester of college. The record also discloses that Elliott's family has taken a strong interest in his case.

As to the circumstances of the sale of cocaine to the troopers, the presentence report indicates that while Elliott was in Anchorage he purchased ½ ounce of cocaine for $1,300, that he divided this amount into "smaller portions," and that he intended to sell half of the total amount and keep half for his own use. Elliott also told the author of the presentence report that the sale of cocaine to the undercover officers was his first attempt at selling this drug.[3] The author of the presentence report recommended that Elliott be denied probation.[4] His recommendation was based in part on the following evaluation:

> It is likely that much of . . . [Elliott's] present situation can be linked, in some way, to his years of experimenting with a host of drugs. It appears as if his continual use was not done through ignorance. . . . It is evident that Mr. Elliott was well aware of the laws and cognizant of the penalties prior to his attempts at selling this drug.

In *Davis v. State,* 577 P.2d 690, 693 (Alaska 1978), this court reiterated four classifications of drug offenders, in descending order of seriousness, which we had previously recognized:

1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.

2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.

3. Possession of narcotics without intent to sell.

4. Marijuana offenses.

Elliott fits within category 2, for here the record shows that he both sold small quantities of cocaine and possessed small quantities of cocaine for sale.

On the basis of the foregoing and our review of the entire record, we cannot conclude, under the clearly mistaken standard for review of sentences, that the superior court's sentence was excessive.[5]

Affirmed.

BOOCHEVER, Chief Justice, dissenting.

I believe that Elliott's sentence of three years imprisonment with no portion suspended was clearly mistaken.

While the offense of selling cocaine is a serious one,[1] the record suggests that this particular transaction was Elliott's first attempt to sell an illicit drug. The state's attorney acknowledged that Elliott had only "recently acquired" the reputation of a cocaine seller. Elliott attempted to sell a relatively small amount of cocaine, two grams. Moreover, Elliott cooperated with the police and consented to a search of his room which disclosed the remaining packets of cocaine.

The presentence report recommended that Elliott be denied probation. Elliott's attorney asked that he be given a suspended imposition of sentence[2] and the state's

---

**3.** The state's attorney acknowledged that Elliott had "recently acquired" a reputation as a cocaine seller.

**4.** Elliott's attorney asked the superior court to suspend imposition of sentence and the state's attorney agreed, with certain conditions, namely: that he serve a period of time, more than a matter of months but not amounting to years; that following incarceration he be placed on probation; that he be required to continue his education; and that he pay a substantial fine. The superior court disagreed.

**5.** Although anyone convicted of unlawful sale of a drug may be subjected to a jail sentence, we do not agree with the sentencing court's generalized statement that "it's necessary that

jail time be imposed upon people who sell cocaine." Such a statement is overbroad and fails to give adequate consideration to the specific characteristics of individual offenders and offenses.

**1.** In *State v. Erickson,* 574 P.2d 1 (Alaska 1978), we upheld the classification of cocaine as a narcotic under the provisions of AS 17.10. We did note that cocaine "is not physically addictive and is generally considered less harmful than heroin or alcohol." 574 P.2d at 8.

**2.** AS 12.55.085 provides in part:

> *Suspending imposition of sentence.*
> (a) If it appears that there are circumstances in mitigation of the punishment, or

attorney agreed, with certain conditions, namely: that he serve a period of time, "something more than a matter of months but not amounting to a matter of years;" that following incarceration he be placed on probation; that he be required to continue his education; and that he pay a substantial fine. The prosecuting attorney believed that the sentencing goals which we articulated in *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970), would be served by such a disposition:

> I've devoted a considerable amount of thought to this case and I believe that what we have here is a defendant who is basically somewhat immature but given the family support, that is apparent from the presentence report and from the testimony from his mother, I think that he does have some potential. . . . Considering the *Chaney* alternatives discussed by the supreme court, rehabilitation of the offender, isolation, deterrence, community condemnation, I think that a period of jail time of several months with probation to follow will serve to rehabilitate Mr. Elliott in that it will give him a taste of jail time and what can be expected if he fails to comply with the order of the court.

I agree. A sentence of incarceration should be required in this case, but three years imprisonment with no time suspended is excessive for a young, first-time seller. In *Salazar v. State,* 562 P.2d 694 (Alaska 1977), we stated:

> Considering the drug conviction alone, we would entertain serious doubts as to the

efficacy of a long period of incarceration of appellant for a single violation of our drug laws, particularly where on the record before us it appears that the sale in question was motivated by appellant's own addiction to drugs. Given a single transaction involving small quantity of the drug a short period of incarceration, with greater emphasis on probation, is more likely to be an appropriate sentence.

562 P.2d at 696–97, *quoting Waters v. State,* 483 P.2d 199, 201–02 (Alaska 1971). I think this reasoning applies here. Given the small amount of cocaine that Elliott had, his youth, good past record, and cooperation with the authorities, Elliott should have been sentenced more leniently. An examination of other sentences imposed for drug felony offenses in Alaska reveals that three years is quite severe for a youthful offender with one prior misdemeanor.[3]

I would remand with instructions that Elliott receive a sentence not to exceed one year's imprisonment to be served, with consideration given to suspending an additional term.[4] Such a sentence would serve to deter Elliott and other members of the community who possess similar criminal tendencies. Suspension of part of the sentence would aid in rehabilitating Elliott into a non-criminal member of society because he would receive counseling and supervision for the term of his suspended sentence.

---

that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

In *Speas v. State,* 511 P.2d 130 (Alaska 1973), we held that the provisions of AS 12.55.085 for suspended imposition of sentence apply to violations of AS Title 17, the food and drug statutes.

**3.** *See* Alaska Judicial Council, Alaska Felony Sentencing Patterns: A Multivariate Statistical Analysis 1974–1976, at Tables 1 and 8 (1977). The mean sentence for defendants of age 17 to 20 convicted of a drug felony was 1.4 months. The mean sentence for defendants convicted of a drug felony with zero, one, or two prior misdemeanor convictions was 9.7 months. The mean sentence for defendants convicted of sale of a narcotic drug was 20.2 months.

**4.** If a remand were ordered, the sentencing court, in its discretion, could order Elliott to pay a fine.