**Stephen A. KNIGHT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4613.**

Court of Appeals of Alaska.

July 23, 1993.

---

James H. Cannon, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Daniel R. Cooper, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Stephen Knight was caught in possession of thirty-one paper slips containing cocaine, which he was attempting to sell to raise money for past-due child support payments; the aggregate weight of the cocaine was about ten and one-half grams—slightly more than one-third of an ounce.

Knight subsequently entered a plea of no contest to a charge of misconduct involving a controlled substance in the third degree in violation of AS 11.71.030(a)(1) (possession of cocaine with intent to deliver). Be-

cause he had previously been convicted of a felony, Knight was subject to a presumptive term of four years for the offense. AS 11.71.030(c); AS 12.55.125(d)(1). Prior to sentencing, Knight alleged that the mitigating factor specified in AS 12.55.-155(d)(14) applied to his case: that his "offense involved small quantities of a controlled substance."

Superior Court Judge Mary E. Greene rejected the proposed mitigating factor, stating that, "[m]y cutoff point [for the 'small quantities' mitigating factor] has always been a quarter ounce...." Although Judge Greene acknowledged that this limit was to some extent "admittedly arbitrary," the judge indicated that it was "based on the cases that I see" involving dealers who do not "deal any kind of large quantities."

Upon rejecting Knight's proposed mitigating factor and after finding one applicable aggravating factor (which is not in dispute here), Judge Greene sentenced Knight to a term of four and one-half years with six months suspended. Knight appeals, challenging Judge Greene's rejection of his proposed mitigating factor.

■ On appeal, Knight argues that defining the meaning of "small quantities" is an issue of law as to which we should exercise *de novo* review. Knight urges us to hold, as a matter of law, that ten and one-half grams of cocaine amounts to a small quantity for purposes of AS 12.55.-155(d)(14). He relies chiefly on cases that discuss the issue of "small quantities" and "large quantities" of drugs in the context of the guidelines established by the Alaska Supreme Court in *Waters v. State*, 483 P.2d 199 (Alaska 1971).

In *Waters*, the supreme court grouped drug offenses into a four-tier hierarchy for sentencing purposes: sale or possession for sale of "large quantities"; sale or possession for sale of "small quantities"; simple possession; and marijuana offenses. *Waters*, 483 P.2d at 201. Later, in *Elliott v. State*, 590 P.2d 881 (Alaska 1979), the supreme court described an offender who sold two grams of cocaine and possessed ten more as one who dealt with "small

quantities" for purposes of *Waters*. *Elliott*, 590 P.2d at 881–82.

Knight cites *Elliott* to support his claim that the disputed mitigating factor, AS 12.-55.155(d)(14), should have applied in his own case. Knight similarly points to *Major v. State*, 798 P.2d 341, 344 (Alaska App.1990), as further supporting his position. There, we characterized a case involving a series of nine cocaine transactions, each consisting of between one-eighth and one-sixteenth of an ounce, as one that qualified under the "small quantities" rubric of *Waters*.

In our view, however, cases discussing "small quantities" with reference to the *Waters* approach have little if any bearing on the interpretation of "small quantities" for purposes of the mitigating factor in this case. The *Waters* approach—adopted prior to the advent of presumptive sentencing and meant as an aid for non-presumptive sentencing purposes—establishes only two categories for cases involving sale or possession for sale of drugs other than marijuana: small quantity cases and large-quantity cases. Because *Waters* establishes no middle ground, it necessarily results in broad large-quantity and small-quantity categories, with little if anything falling in between; at most this approach leaves room in the middle for a narrow, "borderline" category of doubtful cases. *See, e.g., Lausterer v. State*, 693 P.2d 887, 891 (Alaska App.1985) (one to eight ounces of cocaine comprise the middle ground).

In sharp contrast to the *Waters* approach, Alaska's presumptive sentencing scheme takes a decidedly more center-oriented view of sentencing. The presumptive term for any given class of case represents the appropriate sentence for typical cases in that class, a relatively broad category into which most cases will fall; statutory aggravating and mitigating factors de-fine the peripheries of this category, identifying relatively narrow circumstances that tend to make a given case atypical and place it outside the relatively broad presumptive middle ground. *See Juneby v. State*, 641 P.2d 823, 833 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983).[1]

■ Given the difference in emphasis between the *Waters* approach and the approach followed by the presumptive sentencing statutes, it is apparent that the meaning of the terms "small quantities" and "large quantities" will depend on the context in which those terms are used. On the one hand, for *Waters* purposes, a "small quantity" is anything less than a "large quantity"; conversely, a "large quantity" is anything that is not "small." On the other hand, for presumptive sentencing purposes—and, more specifically, for purposes of applying AS 12.55.-155(d)(14) and its corresponding "large quantities" aggravating factor, AS 12.55.-155(c)(25)—a "small quantity" is a quantity that is uncharacteristically small in comparison to the broad-middle ground covered by a typical drug case; conversely, a "large quantity" is one at the other extreme of the norm for the offense.

In the present case, the pertinent question is whether one-third ounce of cocaine amounts to an unusually or uncharacteristically small quantity in comparison to a typical case in which cocaine is possessed by one who intends to sell it. Cases discussing "small quantities" in the *Waters* context are of little utility in resolving this question.

■ Moreover, contrary to Knight's assertion on appeal, this question, we think, is primarily one of fact, not one of law. Within any class of controlled substance, what constitutes an unusually small

---

1. As we said in *Juneby*, 641 P.2d at 833:

   Under the view espoused by the legislature, a presumptive term represents the appropriate sentence for cases that fall within the middle-ground between the opposing extremes of the most and least serious conduct for a given crime. It is to be expected, then, that sentences equalling or varying only slightly from the presumptive terms will generally be suitable when presumptive sentencing applies. Minor adjustments for aggravating or mitigating circumstances might be appropriate in a significant number of cases; only in unusual cases, however, can it be anticipated that substantial deviation from the presumptive term will be called for.

or large quantity may vary from case to case, depending on variables such as the precise nature of the substance and the form in which it is possessed, the relative purity of the substance, its commercial value at the time of the offense, and the relative availability or scarcity of the substance in the community where the crime is committed. Variations may also occur over time: what amounted to a typical controlled substance transaction ten years age might be an exceptional one today.

These variables do not lend themselves to an inflexible rule of general application, and they render it both undesirable and wholly impractical to treat the question of what constitutes a "large" or "small" quantity for purposes of AS 12.55.155(c)(25) and (d)(14) as an abstract question of law. The question must instead be resolved by the sentencing court as a factual matter, based on the totality of the evidence in the case and on the court's discretion, as informed by the totality of its experience.[2]

We recognize that sentencing judges will inevitably differ from time to time in deciding whether a particular quantity of a controlled substance is large or small for purposes of AS 12.55.155(c)(25) or (d)(14). To the extent such differences are not explained by the peculiar facts of the cases under consideration, conflicts can be resolved at the appellate level on a case-by-case basis. At this juncture, we see no need to adopt hard-and-fast definitions as a preemptive measure against potential conflicts.

In the present case, the sentencing court properly considered the totality of the circumstances in Knight's case in determining that his offense did not involve small quantities of cocaine for purposes of AS 12.55.-155(d)(14). Those circumstances included not only the total weight of the cocaine—more than one-third ounce—but also the clearly commercial context of Knight's possession: the cocaine was wrapped in thirty-one separate packets, and Knight admitted his intent to sell it for substantial monetary gain. The court also properly evaluated these circumstances in light of its own experience handling similar cases, which indicated that quantities of one-quarter ounce or more could not be considered unusually small.

There is nothing in the sentencing record to indicate that the sentencing court was inaccurate in its assessment of what could realistically be deemed the lower limit for a typical case involving possession of cocaine with intent to distribute. Nor do this court's prior decisions indicate that the sentencing court erred in its judgment; all of our prior cases finding the disputed mitigating factor applicable have involved less than four grams of cocaine.[3]

We conclude that the sentencing court was not clearly erroneous in rejecting the proposed mitigating factor. *Lepley v. State*, 807 P.2d 1095, 1099 (Alaska App. 1991) (holding the clearly erroneous standard of review applicable to decisions concerning the existence of aggravating and mitigating factors).

The sentence is AFFIRMED.

---

2. In this regard, we note that the legislature has placed the burden of proving an aggravating or mitigating factor on the factor's proponent, who must prove it by clear and convincing evidence. AS 12.55.155(f). To the extent that a sentencing judge's experience with cases involving controlled substances does provide a ready answer to the question of whether a given quantity of a substance is unusually small or large under the particular circumstances of the case at hand, the proponent of the factor is responsible for adducing proof, not only as to what quantity is involved in the specific case, but also as to what quantity is typical—that is, what constitutes the norm for the offense at a particular time and place. If the sentencing court remains unconvinced on the issue after weighing the totality of the evidence, its doubt signifies a failure of proof.

3. *See McPherson v. State*, 800 P.2d 928, 931 (Alaska App.1990), *rev'd on other grounds, State v. McPherson*, 855 P.2d 420, 1993 WL 237583 (Alaska, 1993) (two grams); *Jones v. State*, 771 P.2d 462, 463 (Alaska App.1989) (2.97 grams of crack and .80 grams of cocaine); *Smith v. State*, 745 P.2d 1375, 1376–77 (Alaska App.1987) (approximately one-fifth gram).