**Darnell DOLLISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7237.

Court of Appeals of Alaska.

July 14, 2000.

---

Paul E. Malin, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Darnell Dollison appeals his conviction for fourth-degree misconduct involving a controlled substance.[1] Dollison was charged with this crime because a police officer found crack cocaine in a container that was in Dollison's pocket. Dollison argues that the cocaine should have been suppressed because the police officer's search exceeded the permissible scope of a pat-down search for weapons incident to arrest. We disagree with Dollison's argument and affirm his conviction.

Dollison also claims that the superior court erroneously rejected his proposed statutory mitigating factor that he possessed a "small quantity" of cocaine. We agree with Dollison on this claim, but Judge Sanders announced that he would not adjust Dollison's sentence even if he had found the mitigating factor. Therefore, this error was harmless. Accordingly, we affirm Dollison's sentence.

---

1. AS 11.71.040(a)(3)(A) (possession of cocaine).

*Facts and proceedings*

Shortly before midnight on December 31, 1997, Anchorage Police Officer Kevin B. Mitchell saw an individual "sitting way low" in a Cadillac that had a burned out headlight and was about to pull into the street. The Cadillac drove onto the street and pulled into the driveway of a residence. Officer Mitchell pulled up beside the Cadillac because he saw that Dollison was the driver and he knew that Dollison had outstanding misdemeanor warrants. Mitchell approached Dollison, told him that he was under arrest on those warrants, and handcuffed Dollison's hands behind his back.

Officer Mitchell conducted a pat-down search for weapons. Mitchell felt a cylindrical object in Dollison's outer shirt pocket that was "immediately recognizable" as a crack pipe, a device for smoking crack cocaine. Mitchell asked Dollison if it was his crack pipe, and Dollison answered that it was. Mitchell removed the object from Dollison's shirt pocket. It was a crack pipe with residue in it and, according to Mitchell's observation, "[i]t had been heavily used." The pipe was a little bigger than a pen.

Mitchell also removed a small Tylenol bottle from Dollison's pants pocket. Mitchell thought the Tylenol container could have felt like a weapon, but was not sure what it could have been. When he removed the Tylenol container from Dollison's pocket, Mitchell concluded from the container's condition and his own work experience that the Tylenol container probably contained illegal drugs. He shook the bottle and heard that there was something inside. Later, he applied for and obtained a search warrant to open the container and discovered a rock of crack cocaine inside. The cocaine weighed .05 grams.

The grand jury indicted Dollison for fourth-degree misconduct involving a controlled substance, a class C felony. Dollison moved to suppress the evidence. The State

conceded that Dollison was in custody and that his answer to Officer Mitchell's question about the crack pipe should be suppressed. Dollison argued that the pipe and the Tylenol container should also be suppressed as the fruit of an illegal search. Judge Sanders ruled that Officer Mitchell was entitled to seize the crack pipe because it felt like a crack pipe.

Dollison entered a no contest plea preserving his right to appeal the denial of his motion to suppress.[2] Dollison was a third-felony offender and was therefore subject to a presumptive sentence of three years.[3] Dollison claimed that the cocaine found in his possession ( .05 grams) was a "small quantity" for purposes of statutory mitigating factor (d)(14). Judge Sanders agreed that the quantity that Dollison had in his possession was "what a lay person would consider ... small," but he believed that this court's decision in *Knight v. State*[4] required him to reject the proposed mitigator. Additionally, Judge Sanders stated that even if the mitigating factor applied, he would not adjust Dollison's sentence. Judge Sanders sentenced Dollison to a 5–year term with 2 years suspended.

*Discussion*

*Was the evidence legally seized?*

 A law enforcement officer may conduct a protective search for weapons incident to arrest.[5] Under Alaska law, a search incident to an arrest without a warrant is limited in scope to a protective search for weapons, or for evidence of the crime for which the suspect was arrested and which could be concealed on the suspect's person.[6]

 Here, Officer Mitchell arrested Dollison on valid outstanding warrants. After restraining Dollison, Mitchell patted Dollison down for weapons and located an object that

---

**2.** *See Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

**3.** AS 12.55.125(e)(2).

**4.** 855 P.2d 1347 (Alaska App.1993).

**5.** *See Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Zehrung v.*

*State*, 569 P.2d 189, 199–200 (Alaska 1977), *modified on other grounds*, 573 P.2d 858 (Alaska 1978), *Dunn v. State*, 653 P.2d 1071, 1079–80 (Alaska App.1982).

**6.** *See Zehrung*, 569 P.2d at 199–200.

was "immediately recognizable" as a crack pipe. Mitchell had extensive experience with crack pipes, seizing "at the very least one a night." Officer Mitchell removed the crack pipe from Dollison's pocket and saw that it was heavily used.

Because Officer Mitchell identified the object in Dollison's exterior shirt pocket as a crack pipe, Officer Mitchell had probable cause to believe that Dollison was unlawfully possessing drugs. Thus, following discovery of the pipe, Officer Mitchell could arrest Dollison for possessing cocaine and could search any containers on Dollison's person that might plausibly contain evidence of that crime.[7] Even so, Mitchell obtained a search warrant before he looked into the Tylenol container and found the small rock of cocaine. Under these facts, Officer Mitchell was clearly justified to search Dollison incident to arrest and to seize the crack pipe and the container with the crack cocaine. We agree with Judge Sanders that this evidence was legally seized.

*Did the superior court apply Knight v. State correctly when it rejected Dollison's claim that he possessed a "small quantity" of cocaine?*

██ Dollison argues that Judge Sanders erred by rejecting proposed mitigating factor (d)(14), that Dollison's offense involved a small quantity of a controlled substance because Dollison possessed only .05 grams of cocaine.[8] As explained earlier, Judge Sanders thought that most people would consider this amount of cocaine "small", but he believed that under *Knight* he was required to reject the mitigator. As a proponent of a mitigating factor, Dollison had the duty to establish the mitigating factor by clear and convincing evidence.[9] Relying on *Knight*, Dollison argues that Judge Sanders should have found that he had proven that the .05 grams that he possessed was a "small quantity."

In *Knight*, this court ruled that whether a quantity of a controlled substance is a "small quantity" for purposes of statutory mitigating factor (d)(14) is primarily a question of fact for the superior court:

> [T]his question ... is primarily one of fact, not one of law. Within any class of controlled substance, what constitutes an unusually small or large quantity may vary from case to case, depending on variables such as the precise nature of the substance and the form in which it is possessed, the relative purity of the substance, its commercial value at the time of the offense, and the relative availability or scarcity of the substance in the community where the crime is committed. Variations may also occur over time: what amounted to a typical controlled substance transaction ten years [ago] might be an exceptional one today.[10]

Here, Judge Sanders found that the commercial value of the cocaine that Dollison possessed was about ten dollars and that the quantity that Dollison possessed was in fact small. However, because Judge Sanders had seen a large number of cases where individuals possessed very small amounts of cocaine, he concluded that Dollison's case was a typical case. Because the quantity of cocaine that Dollison possessed was typical of the quantity in many other cases before Judge Sanders, he concluded that Dollison had not shown that he possessed an uncharacteristically small quantity of cocaine for purposes of mitigator (d)(14).

Alaska Statute 11.71.040(a)(1) prohibits the possession of any amount of cocaine however large or small. Under *Knight*, a small quantity under mitigating factor (d)(14) is "a quantity that is uncharacteristically small in comparison to the broad-middle ground covered by a typical drug case[.]"[11] We take this opportunity to clarify *Knight*. The "typical drug case" referred to in *Knight* is a drug case where the quantity involved in the case falls in the broad-middle ground penal-

---

**7.** *See Snider v. State,* 958 P.2d 1114, 1118 (Alaska App.1998).

**8.** AS 12.55.155(d)(14).

**9.** AS 12.55.155(f).

**10.** *Knight,* 855 P.2d at 1349–50.

**11.** *Id.* at 1349.

ized by the statute when considering the nature of the substance, its form, its purity, its commercial value, and its relative availability or scarcity.[12] The "typical drug case" does not refer to the amount that is typically prosecuted or the typical case that appears on a judge's docket.

In Dollison's case, Judge Sanders found that Dollison possessed .05 grams (less than two thousandths of an ounce) of cocaine with a commercial value of ten dollars. This appears indicative of an amount that would be consumed in a single use. The *Knight* factors establish that Dollison's case involved a "small quantity" of cocaine.

However, although Dollison proved mitigating factor (d)(14), we do not remand this case for resentencing. Judge Sanders declared that he would not have adjusted Dollison's presumptive 3–year term even if Dollison had proven mitigator (d)(14). Therefore, any error in applying *Knight* was harmless and Dollison's sentence must be affirmed.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

**12.** *Id.* at 1349–50.