**STATE of Alaska, Appellant,**

v.

**Shavonne L. ESKRIDGE, Appellee.**

No. A–8228.

Court of Appeals of Alaska.

Aug. 23, 2002.

---

**50.** *See Jackson v. State,* 890 P.2d 587, 597 (Alaska App.1995).

**51.** *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

Scott L. Mattern, Assistant District Attorney, Harry L. Davis, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Shavonne L. Eskridge, pro se, Fairbanks.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

Shavonne L. Eskridge pleaded no contest to misconduct involving a controlled substance in the third degree, a class B felony,[1] for selling the drug ecstasy to a police agent. Superior Court Judge Niesje J. Steinkruger sentenced Eskridge, a first felony offender, to a suspended imposition of sentence of one year. As a condition of probation, she ordered Eskridge to be incarcerated from the day of sentencing, December 21, 2001, to

January 11, 2002—approximately thirty days. The state appeals the sentence, arguing it is too lenient.

On February 16, 2001, Eskridge sold five tablets of ecstasy to a police agent for $175. On March 9, 2001, Eskridge sold an additional four tablets to the police agent for $120. Eskridge was arrested immediately following this sale. On being questioned by the police, Eskridge admitted her involvement and agreed to assist the investigators in obtaining more ecstasy from her source. But apparently the word of her arrest got out, and she was unable to obtain more ecstasy to assist the police in making other drug arrests.

A grand jury indicted Eskridge on two counts of misconduct involving a controlled substance in the third degree. The state entered into a plea agreement with Eskridge; the state dismissed one of the counts for Eskridge's plea of no contest to the other count. As part of the plea agreement, the state agreed that Eskridge's sentence would not exceed ninety days of imprisonment.

Eskridge was nineteen years old at the time of sentencing. She had no prior criminal record. She was a sophomore at the University of Alaska and is a single parent of a fifteen-month-old son. In sentencing Eskridge, Judge Steinkruger found that her offense was not mitigated; it was a "typical street sale offense." She found that Eskridge was "a typical to slightly mitigated offender" with "a very good record" and that the "likelihood of [her] successful rehabilitation [was] very good." Judge Steinkruger reasoned that a suspended imposition of sentence would be appropriate in this case. She emphasized that if Eskridge successfully completed her probation, her felony conviction could be removed from her record. But if Eskridge reoffended, the court could impose severe penalties, up to the maximum sentence for her offense. Judge Steinkruger emphasized the importance of allowing Eskridge to have the opportunity to complete her education. The sentence of imprisonment was designed to begin immediately and to end just in time for Eskridge to attend the second semester at the University of Alaska.

1. AS 11.71.030(a), (c).

Judge Steinkruger pointed out that this sentence would be the equivalent of a thirty-day sentence if good time were deducted.

On appeal, the state relies on *State v. Jackson*,[2] where we discussed the appropriate sentencing ranges for first offenders convicted of class B felonies.[3] We stated in *Jackson* that "a probationary sentence—a term involving less than ninety days of unsuspended incarceration—should be reserved for cases that are sufficiently mitigated in terms of both the offender and the offense."[4] We went on to state that "a probationary sentence will be appropriate only when an offender's conduct is significantly less serious than typical conduct for the offense and only when the offender's prospects for rehabilitation are shown to be significantly better than the typical first offender's conduct."[5] The state points out that although Judge Steinkruger found that Eskridge had good prospects for rehabilitation, Judge Steinkruger did not find Eskridge's offense to be mitigated. The state therefore argues that Judge Steinkruger erred in giving a sentence of less than ninety days of imprisonment.

The *Jackson* guidelines are of questionable validity in drug offenses. The reason for the development of somewhat different guidelines for drug offenses appears to be rooted in the fact that drug offenses are easier to compare than other offenses. Other offenses, such as burglary, can comprise a wide variety of criminal behavior. But drug offenses can be categorized more easily in terms of seriousness. And, in fact, in 1971, the supreme court categorized drug offenses in *Waters v. State*.[6] We relied on the *Waters's* categories and subsequent case law in developing sentencing guidelines in drug cases.[7]

■ Most of the sentences we have reviewed of class B felony drug offenses involve cocaine trafficking. But we would expect these guidelines to apply to other felony class B felony drug offenses unless we can articulate a good reason to depart from these guidelines. The guidelines for first felony offenders convicted of class B felony drug offenses can be stated as follows: One, for cases where the defendant has engaged in the on-going commercial sale of smaller quantities of cocaine, "we have routinely approved first-offense sentences of up to two years of unsuspended time[.]"[8] Two, for cases where the defendant has engaged in "a highly lucrative commercial pattern of cocaine trafficking—one involving large quantities of cocaine and large amounts of money," we established a guideline of up to six years with two years suspended.[9] Three, for cases where the defendant engaged in on-going commercial sales and whose activity fell in between the other two categories, we approved sentences of up to three years of imprisonment.[10]

The fact that the sentencing guidelines for first felony offenders convicted of drug offenses are more lenient than the *Jackson* guidelines suggests that the sentencing guidelines for mitigated drug offenses and offenders might also have greater flexibility and be more lenient than the *Jackson* guidelines.

■ In the present case, Judge Steinkruger chose to emphasize Eskridge's rehabilitation. She concluded that imposing a sentence that allowed Eskridge to continue her education uninterrupted by her term of imprisonment would further this goal. Although this was certainly a very favorable

2. 776 P.2d 320 (Alaska App.1989).

3. *Id.* at 326–27.

4. *Id.* at 327.

5. *Id.* (footnote omitted).

6. 483 P.2d 199 (Alaska 1971).

7. *See Kelly v. State*, 622 P.2d 432, 440 (Alaska 1981); *LeDuff v. State*, 618 P.2d 557, 558 (Alaska 1980); *Major v. State*, 798 P.2d 341, 344 (Alaska

App.1990), *superseded by statute on other grounds as stated in Knight v. State*, 855 P.2d 1347, 1348–49 (Alaska App.1993); *Bush v. State*, 678 P.2d 423, 425–26 & n. 1 (Alaska App.1984); *Stuart v. State*, 698 P.2d 1218, 1224 (Alaska App.1985).

8. *Major*, 798 P.2d at 344.

9. *Id.; see also Stuart v. State*, 698 P.2d 1218, 1223–24 (Alaska App.1985); *Lausterer v. State*, 693 P.2d 887, 892 (Alaska App.1985).

10. *See Major*, 798 P.2d at 345–46.

result for Eskridge, Judge Steinkruger made it clear that a failure on probation would have severe consequences. We accordingly conclude Eskridge's sentence was not clearly mistaken.[11]

11. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).