No. 101,114

In the Matter of HAROLD SCOTT BEIMS, *Respondent*.

(198 P.3d 763)

Opinion filed January 9, 2009.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause, and *Janith A. Davis*, deputy disciplinary administrator, was with him on the formal complaint for petitioner.

*Charles E. Worden*, of Worden Law Office, of Norton, argued the cause for respondent.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator against Harold Scott Beims (respondent), an attorney admitted to the practice of law in Kansas on June 27, 1968. Respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Atwood, Kansas.

A formal complaint was filed against respondent by the office of the Disciplinary Administrator on March 12, 2008. The complaint contained two counts, corresponding to separate complaints by unrelated clients which were originally docketed as cases number DA9842 and DA10,064. Initially, the first count of the formal complaint charged respondent with violating Kansas Rules of Professional Misconduct (KRPC) 1.1 (2008 Kan. Ct. R. Annot. 400) (competence), KRPC 1.3 (2008 Kan. Ct. R. Annot. 415) (diligence), and KRPC 1.4 (2008 Kan. Ct. R. Annot. 432) (communication). The second count alleged violations of KRPC 1.3 (diligence), 1.4 (communication), and 1.15 (2008 Kan. Ct. R. Annot. 493) (safekeeping property), in addition to a violation of Supreme Court Rule 207 (2008 Kan. Ct. R. Annot. 295) (duty to assist Disciplinary Administrator).

A panel of the Kansas Board for Discipline of Attorneys conducted a hearing on July 22, 2008, at which respondent appeared in person and through counsel, Charles E. Worden. At the hearing,

the Disciplinary Administrator moved to amend the formal complaint pursuant to negotiations with and the consent of respondent and his attorney. Thereafter, respondent stipulated to violations of KRPC 1.3 (diligence) and 1.4 (communication) in Count I (DA9842) and to violating Supreme Court Rule 207 (failure to cooperate with a disciplinary investigation) in Count II (DA10,064). Further, respondent submitted a plan of probation, which was endorsed and recommended by the disciplinary administrator.

## *HEARING PANEL'S FINDINGS OF FACT*

The hearing panel found the following facts by clear and convincing evidence:

### "DA9842

"2. The Respondent represented Bettie J. Bergling for many years. After her death, on February 23, 2002, the Respondent handled her estate. Ms. Bergling's heirs were her three children, Denny Koch, Regan Koch, and Darrie Ann Schnee.

"3. While working on the estate tax returns, the Respondent discovered additional investments which needed to be liquidated. After the Respondent assisted the heirs in liquidating the assets, in October, 2004, the heirs received a notice from the Internal Revenue Service that additional taxes, in excess of $10,000, were owing as a result of the liquidation of the additional investments. Denny Koch contacted the Respondent and informed him of the tax notice. The Respondent told Denny that he would assist the heirs in alleviating some of the tax.

"4. Denny Koch and Regan Koch contacted the Respondent from time to time seeking updates regarding the Respondent's efforts to address the assessment of the additional tax. The Respondent failed to respond to many of the communications. Additionally, the Respondent failed to take action in behalf of Ms. Bergling's estate or her heirs regarding the assessment of the additional tax. As a result, the IRS assessed interest and penalties to Ms. Bergling's heirs.

### "DA10064

"5. Denis and Wilma Tongish retained the Respondent to draft trust documents. The Respondent completed the trust documents and they were executed on November 8, 1993.

"6. In August, 2004, Wilma Tongish died. Following her death, her son, Joe Tongish, contacted the Respondent regarding her estate. After some time passed and the Respondent did not make the progress that Joe Tongish believed was appropriate, he terminated the Respondent's representation.

"7. After Joe Tongish terminated the Respondent's representation, he requested that the Respondent forward his file to him. The Respondent forwarded

documents to Joe Tongish. However, Joe Tongish believed that the Respondent failed to forward a complete copy of his file.

"8. Joe Tongish retained Stephen Cavanaugh to complete the work on the estate. Mr. Cavanaugh attempted to contact the Respondent to request a copy of the Respondent's file. However, the Respondent failed to return Mr. Cavanaugh's calls or respond to his written inquiries.

"9. As a result, on November 1, 2006, Mr. Cavanaugh filed a complaint against the Respondent with the Disciplinary Administrator's office. Kari Gilliland was appointed to [investigate] Mr. Cavanaugh's complaint.

"10. The Disciplinary Administrator and Ms. Gilliland repeatedly contacted the Respondent in writing directing him to provide a written response to the complaint. The Respondent failed to provide a written response to the complaint."

## HEARING PANEL'S CONCLUSIONS OF LAW

The hearing panel then made the following conclusions of law:

"1. Based upon the findings of fact and the Respondent's stipulations, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, and Kan. Sup. Ct. R. 207, as detailed below.

"2. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Ms. Bergling's estate and to her heirs, Denny Koch, Regan Koch, and Darrie Ann Schnee, when he failed to take action to assist them in addressing the additional tax assessment. Because the Respondent failed to act with reasonable diligence and promptness in representing Denny Koch, Regan Koch, and Darrie Ann Schnee, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"3. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to respond to requests for information from Ms. Bergling's heirs, Denny Koch and Regan Koch. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"4. Lawyers must cooperate in disciplinary investigations. Kan. Sup. Ct. R. 207(b) provides the requirements in this regard.

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

The Respondent knew that he was required to forward a written response to the initial complaint filed by Mr. Cavanaugh—he had been instructed to do so in writing by the Disciplinary Administrator and by Ms. Gilliland, the attorney investigator. Because the Respondent knowingly failed to provide a written response to the initial complaint filed by Mr. Cavanaugh as required by the Disciplinary

Administrator and Ms. Gilliland, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b)."

## HEARING PANEL'S RECOMMENDED SANCTION

### Factors

In making its recommendations for discipline, the hearing panel considered the following factors outlined by the American Bar Association's Standards for Imposing Lawyer Sanctions:

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication. Further, the Respondent violated his duty to the legal profession to cooperate in the disciplinary investigation.

"*Mental State.* The Respondent negligently violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual and potential injury.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on three occasions. First, on September 8, 1993, the Disciplinary Administrator informally admonished the Respondent for having violated MRPC 3.8(b) and MRPC 4.2. Next, on August 9, 2001, the Disciplinary Administrator informally admonished for having violated KRPC 1.5(b). Finally, in July, 2002, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 8.4(d).

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent knew that he was required to provide written response to the complaint filed by Mr. Cavanaugh. While the Respondent drafted the response, the Respondent never completed the response nor did he forward the response to the Disciplinary Administrator or the attorney investigator.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1968. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 36 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Dishonest or Selfish Motive.* Dishonesty and selfishness were not motivating factors in this case.

"*Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct.* The Respondent's wife's cognitive function has suffered a serious decline during the past three to four years. The deterioration of his wife's health has placed additional emotional and physical strains on the Respondent. The pressures the Respondent experienced associated with the Respondent's wife's health contributed to the misconduct in this case.

"*Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney.* The Respondent is an active and productive member of the bar in Atwood, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"*Remoteness of Prior Offenses.* The discipline imposed in 1993, 2001, and 2002 is remote in time and in character to the misconduct in this case."

### *Consideration of Probation*

In considering the joint recommendation of the respondent and the Disciplinary Administrator that respondent's plan of probation be accepted, the hearing report recited:

"In order for the Hearing Panel to consider recommending that the Respondent be placed on probation, the Respondent must first comply with Kan. Sup. Ct. R. 211(g)(1) and Kan. Sup. Ct. R. 211(g)(2). Additionally, the Hearing Panel must then consider, based upon the factors detailed in Kan. Sup. Ct. R. 211(g)(3), whether to recommend to the Court that the Respondent be placed on probation.

"Kan. Sup. Ct. R. 211(g) provides:

'(1) If the Respondent intends to request that the Respondent be placed on probation for violating the Kansas Rules of Professional Conduct or the Kansas Supreme Court Rules, the Respondent shall provide each member of the Hearing Panel and the Disciplinary Administrator with a workable, substantial, and detailed plan of probation at least ten days prior to the hearing on the Formal Complaint. The plan of probation must contain adequate safeguards that will protect the public and ensure the Respondent's full compliance with the disciplinary rules and orders of the Supreme Court.

'(2) If the Respondent provides each member of the Hearing Panel and the Disciplinary Administrator with a plan of probation, the Respondent shall immediately and prior to the hearing on the Formal Complaint put the plan of probation into effect by complying with each of the terms and conditions of the probation plan.

'(3) The Hearing Panel shall not recommend that the Respondent be placed on probation unless:

(i)   the Respondent develops a workable, substantial, and detailed plan of probation and provides a copy of the proposed plan of probation to the Disciplinary Administrator and each member of the Hearing Panel at least ten days prior to the hearing on the Formal Complaint;

(ii)   the Respondent puts the proposed plan of probation into effect prior to the hearing on the Formal Complaint by complying with each of the terms and conditions of the probation plan;

(iii)   the misconduct can be corrected by probation; and

(iv)   placing the Respondent on probation is in the best interests of the legal profession and the citizens of the State of Kansas.'

The Respondent provided each member of the Hearing Panel and the Disciplinary Administrator with a workable, substantial, and detailed plan of probation at least ten days prior to the hearing on the Formal Complaint. The Respondent's plan contains adequate safeguards that will protect the public and ensure the Respondent's full compliance with the disciplinary rules and orders of the Supreme Court. The Respondent put the plan of probation into effect by complying with each of the terms and conditions of the probation plan. The Respondent's misconduct can be corrected by probation. Finally, placing the Respondent on probation is in the best interests of the legal profession and the citizens of the State of Kansas.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Court suspend the imposition of discipline and place the Respondent on probation for a period of three years subject to the terms and conditions detailed below:

"1.   *Limitation of Practice.* The Respondent shall limit his practice to a part-time practice and shall consist of cases assigned to him by Jared Holste.

"2.   *Practice Supervision.* The Respondent's practice will be supervised by Jared Holste. The Respondent and Mr. Holste shall prepare a monthly report to the Disciplinary Administrator's office regarding the Respondent's status on probation. The monthly report shall include a current case list which shall identify each case by name, set forth all deadlines scheduled by the court, a statement regarding whether each deadline for the month was met, and an explanation if a continuance was requested. In the event a deadline is missed, the Respondent and Mr. Holste shall immediately report the missed deadline to the Disciplinary Administrator's office.

"3.   *Office Procedures.* The Respondent and Mr. Holste shall develop written office procedures and provide a copy of the written office procedures to the Disciplinary Administrator within 30 days of the date of this report. The written office procedures shall address internal office procedures as well as how Mr. Holste intends to monitor the Respondent's compliance with the terms and conditions of probation, specifically including the limitation of the Respondent's practice.

"4.   *Communication.* The Respondent shall make every effort to return telephone calls within two business days of receipt.

"5. *Professional Liability Insurance*. The Respondent shall continue to maintain professional liability insurance.

"6. *Continued Cooperation*. The Respondent shall continue to cooperate with the Disciplinary Administrator's office. If the Disciplinary Administrator's office requests any additional information, the Respondent shall timely provide such information.

"7. *Additional Violations*. The Respondent shall not violate the terms of his probation or the provisions of the Kansas Rules of Professional Conduct. In the event that the Respondent violates any of the terms of probation or any of the provisions of the Kansas Rules of Professional Conduct at any time during the probationary period, the Respondent shall immediately report such violation to the Disciplinary Administrator. The Disciplinary Administrator shall take immediate action directing the Respondent to show cause why the probation should not be revoked.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator and shall be paid within 90 days of the release of the Court's opinion in this case."

## DISCUSSION

"In disciplinary proceedings, this court 'considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.] Any attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. [Citations omitted.]' *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003)." *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 (2008).

Respondent stipulated to the violations and does not contest the allegations in the amended formal complaint. The record supports the hearing panel's findings of fact and those findings support its conclusions of law. Accordingly, we adopt those findings and conclusions.

The hearing panel and the Disciplinary Administrator recommend that we adopt respondent's proposed probation plan, albeit such a recommendation is "advisory only and shall not prevent the Court from imposing sanctions greater or lesser than those recommended." Supreme Court Rule 212(f) (2008 Kan. Ct. R. Annot. 328-29). We are firmly convinced that the proposed and implemented probation plan is an appropriate sanction for the respondent's violations.

The respondent urges us to impose the proposed probation plan but requests that the term of probation be 1 year instead of 3.

Under the circumstances, the recommended 3-year term of probation appears to be in the best interests of the respondent as well as providing adequate protection for the public. Accordingly, we adopt the probation plan as submitted and recommended by the hearing panel.

IT IS THEREFORE ORDERED that Harold Scott Beims be placed on probation for a period of 3 years from the date this opinion is filed under the terms and conditions set forth above in the hearing panel's recommendations.

IT IS FURTHER ORDERED that if Harold Scott Beims fails to abide by the terms and conditions of his probation, a show cause order shall issue to the respondent, and this court will take whatever disciplinary action appears just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein are assessed against the respondent.

MCFARLAND, C.J., not participating.

HILL, J., assigned.