Richard POCOCK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10574.

Court of Appeals of Alaska.

Feb. 24, 2012.

As Amended on Rehearing March 19, 2012.

Brooke Berens, Assistant Public Advocate, Appeals & Statewide Defense Section, and Rachel Levitt and Richard K. Allen, Public Advocates, Anchorage, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

MANNHEIMER, Judge.

Richard Pocock was convicted of three counts of second-degree controlled substance misconduct for three sales of heroin. Two of these sales involved 0.03 grams of heroin, and the third sale involved 0.06 grams. The selling price for each of the three sales was $50.

(One ounce equals 28.35 grams. Thus, two of Pocock's sales involved slightly more than one-thousandth of an ounce, and the third sale involved slightly more than two-thousandths of an ounce.)

Second-degree controlled substance misconduct is a class A felony.[1] Because Pocock was a third felony offender, he faced a presumptive sentencing range of 15 to 20 years' imprisonment for this offense.[2]

During the sentencing proceedings, Pocock proposed two mitigating factors under AS 12.55.155(d): (d)(9)—that his offenses were based on conduct that was among the least serious within the definition of the offense, and (d)(13)—that his offenses involved small quantities of the controlled substance. Proof of either of these mitigators would have authorized the superior court to impose a sentence of as little as 7½ years to serve (i.e., one-half of the minimum sentence specified in the applicable presumptive sentencing range).[3]

The superior court rejected both of the proposed mitigators and sentenced Pocock to a 15–year term of imprisonment—the bottom of the applicable presumptive sentencing range. In this appeal, Pocock asserts that the superior court should have found his two proposed mitigating factors, and that the superior court should therefore be directed to consider whether Pocock should receive a sentence of less than 15 years' imprisonment.

For the reasons explained here, we conclude that the superior court committed error when it rejected mitigator (d)(13)—the "small quantities" mitigator. Accordingly, we vacate Pocock's sentence and we remand his case to the superior court for re-sentencing.

*Why we conclude that the facts of Pocock's case establish the "small quantities" mitigator, AS 12.55.155(d)(13)*

As we have explained, Pocock engaged in three sales of heroin, each for $50. Two of these sales involved three-hundredths of a gram (0.03 grams), and the third sale involved six-hundredths of a gram (0.06 grams). These quantities were literally microscopic. (By comparison, a typical four-inch-high jar of a powdery spice such as ground mustard normally contains 45 to 50 grams.)

At the sentencing hearing, the judge agreed with Pocock that these "were certainly small amounts". However, the judge rejected mitigator (d)(13) because he concluded that these amounts of heroin "were not small in the context of what was sold, or the purposes for which [the drug was] possessed".

In *Knight v. State*, 855 P.2d 1347, 1349 (Alaska App.1993), this Court stated that a "small quantity" of a controlled substance (for purposes of the "small quantity" mitigator) is a quantity that is uncharacteristically small when compared to the broad middle ground of conduct encompassed by the statute defining the offense. Citing *Knight*, the

---

1. AS 11.71.020(d).

2. *See* AS 12.55.125(c)(4).

3. AS 12.55.155(a)(2).

sentencing judge rejected Pocock's proposed "small quantities" mitigator because the judge concluded that the amounts of heroin at issue in Pocock's case were "typical" single-use amounts of heroin.

The sentencing judge's analysis of this question was improper as a matter of law. As this Court explained in *Dollison v. State,* 5 P.3d 244, 247–48 (Alaska App.2000):

> The "typical drug case" referred to in *Knight* is a drug case where the quantity involved in the case falls in the broad middle ground penalized by the statute when considering the nature of the substance, its form, its purity, its commercial value, and its relative availability or scarcity. The "typical drug case" does not refer to the amount that is typically prosecuted or the typical case that appears on a judge's docket.

Here, the sentencing judge gave no consideration to the form or purity of the heroin that Pocock sold. Nor did the judge expressly consider the relatively small commercial value of the heroin ($50 for each of three sales). Instead, the judge focused on the fact that the amount of heroin, although small, was typical for a single "hit" of the drug.

But as *Dollison* states, the question is not whether 0.03 grams of heroin (or 0.06 grams of heroin) is an amount "that is typically prosecuted". Rather, the question is whether the sale of this amount of heroin falls within the broad middle ground of the conduct prohibited by the statute.

The statute that Pocock was convicted of violating, AS 11.71.020(a)(1), prohibits the unauthorized sale or delivery of any amount, large or small, of a Schedule IA controlled substance (such as heroin).[4] This statute covers the entire spectrum of heroin sales, from sales of microscopic amounts to sales of fifty pounds or more.

When the Alaska legislature created the "small quantities" mitigator as part of its 1982 revision of Alaska's drug laws, the legislature did not enact a statutory definition of "small quantity".[5] However, in the preface to that legislation (section 1 of the session law), the legislature declared that one of its primary goals was to pattern Alaska's drug laws after the Uniform Controlled Substances Act and the federal Controlled Substances Act of 1970.[6]

Federal law, like Alaska law, prohibits the unauthorized sale or delivery of any amount of heroin. But unlike Alaska law, the federal sentencing guidelines provide a statutory indication of what quantities of heroin are considered "small".

Under these guidelines, the most severe sentencing range for sales of heroin (base offense level 38) applies to sales of 30 kilograms or more (*i.e.,* 66 pounds or more).[7] There are twelve intermediate sentencing ranges with cut-offs of 10 kilograms (22 pounds), 3 kilograms (6.6 pounds), 1 kilogram (2.2 pounds), 700 grams, 400 grams, 100 grams, 80 grams, 60 grams, 40 grams, 20 grams, 10 grams, and 5 grams.

The fourteenth and least severe sentencing range for sales of heroin under federal law (base offense level 12) applies to sales or deliveries of less than 5 grams of heroin.[8] In comparison, Pocock's largest sale was 0.06 grams of heroin. Even when Pocock's three sales are considered in combination, they total only 0.12 grams—40 times less than the 5–gram ceiling of the lowest federal sentencing range.

Based on the foregoing, we conclude that Pocock's three offenses involved "small quantities" of heroin, and thus the superior court should have found mitigator (d)(13). We reach this conclusion regardless of whether we owe deference to the superior court's ruling.

4. *See* AS 11.71.140 (classifying heroin as a Schedule IA controlled substance).

5. SLA 1982, ch. 45.

6. SLA 1982, ch. 45, § 1. *See also* 1981 House Journal, Supplement No. 60 (June 19) (discuss-

ing and analyzing Senate Bill 190, the bill that became SLA 1982, ch. 45).

7. United States Sentencing Guidelines Manual (2011 edition), Section 2D1.1(c).

8. *Ibid.*

In *Knight*, this Court declared that the issue of "small quantities" was primarily an issue of fact rather than an issue of law. 855 P.2d at 1349. But as we pointed out in *Hoekzema v. State*, 193 P.3d 765 (Alaska App.2008), this aspect of *Knight* is now questionable:

> [T]he Alaska Supreme Court's decision in *Michael v. State*, 115 P.3d 517 (Alaska 2005), casts doubt on our assertion in *Knight* that this issue is primarily one of fact rather than law. In *Michael*, the supreme court held that the decision as to whether a defendant's conduct is among the least serious within the definition of an offense (*i.e.*, the decision as to whether mitigator (d)(8) is proved) is a mixed question of fact and law—and that, once the facts have been determined, the issue of whether those facts constitute "least serious" conduct is *purely* a question of law. *Michael*, 115 P.3d at 519. The supreme court declared that the answer to these questions "should not vary from case to case or judge to judge". *Id.* at 520.

*Hoekzema*, 193 P.3d at 772.

If, as suggested by *Michael*, it is a question of law whether a particular quantity of a controlled substance is a "small" quantity, then we (as an appellate court) owe no deference to the sentencing judge's view of this matter.

But even assuming that *Knight* continues to be the governing law on this point, and that we owe deference to the sentencing judge's decision, we still conclude that the sentencing judge erred when he ruled that Pocock had failed to prove mitigator (d)(13).

Pocock's sentencing judge rejected this mitigator primarily on the ground that Pocock's sales involved quantities that were typical for single-dose sales of heroin. But this was the wrong standard. As we explained in *Dollison*, 5 P.3d at 248, the question of "small quantity" does not hinge on "the amount that is typically prosecuted", nor does it hinge on the amount found in "the typical case ... on a judge's docket". Rather, a "small quantity" is a quantity that is small in comparison to "the broad middle ground" of the conduct penalized by the statute.

In *Dollison* itself, we concluded that the sentencing judge should have ruled that the defendant's possession of 0.05 grams of cocaine, with a commercial value of $10.00, constituted a "small quantity". We reach a similar conclusion in Pocock's case. Given the range of heroin sales prohibited by the second-degree controlled substance misconduct statute, Pocock's sentencing judge should have found that Pocock's three sales—totaling 0.12 grams of heroin, with a total commercial value of $150.00—represented "small quantities". Even if this issue is a question of fact, the sentencing judge's rejection of mitigator (d)(13) was clearly erroneous.

*Given our decision regarding mitigator (d)(13), we conclude that Pocock's claim regarding the other proposed mitigator, (d)(9), is moot*

Pocock's remaining claim on appeal is that the sentencing judge should have ruled in his favor on another proposed mitigating factor: (d)(9)—that Pocock's conduct was among the least serious conduct encompassed by the definition of the offense (unauthorized sale or distribution of heroin).

Proof of this second mitigating factor would make no difference to the superior court's sentencing authority. As we explained earlier in this opinion, Pocock faces a presumptive sentencing range of 15 to 20 years' imprisonment. Under AS 12.55.155(a)(2), when the low end of the applicable presumptive sentencing range exceeds 4 years' imprisonment, proof of any single mitigator will give the sentencing judge the authority to impose a sentence below the presumptive range, so long as the defendant's active term of imprisonment is at least fifty percent of the low end of the range. In Pocock's case, because the facts establish mitigator (d)(13), the superior court will have the authority to sentence Pocock to as little as 7½ years to serve. Proof of a second mitigating factor will not affect this sentencing authority: additional mitigators do not further increase the range of sentences available to the superior court, nor do they create any presumption about what sen-

tence should be imposed within that available range.

Moreover, in Pocock's case, his claim of "conduct among the least serious" is closely related to his claim of the "small quantities" mitigator, (d)(13). Pocock's argument in favor of the "conduct among the least serious" mitigator rests primarily on the underlying facts that Pocock engaged in sales of only small quantities of heroin, for small amounts of money, to a friend. Now that we have ruled that Pocock proved mitigator (d)(13), and that the superior court can sentence Pocock to as little as 7½ years to serve, the superior court can take these same underlying facts into account when formulating Pocock's sentence, even though Pocock might fail to meet the statutory requirements for proving mitigator (d)(9).[9]

In other words, to the extent that Pocock's sentencing judge believes that Pocock's conduct qualifies (or does not qualify) as among the least serious sales of heroin, the judge is authorized to take this into account when choosing Pocock's sentence within the range of available sentences, because this factor is a relevant sentencing consideration under the *Chaney* sentencing criteria codified in AS 12.55.005.

For these reasons, we believe there is little or no chance that the superior court's sentencing decision would be altered by the technical proof or disproof of mitigator (d)(9). Accordingly, we conclude that Pocock's argument regarding mitigator (d)(9) is moot.

*Compare Sweezey v. State,* 167 P.3d 79, 80 (Alaska App.2007) (holding that the issue of a potential mitigator was moot when the sentencing judge already had the authority to sentence the defendant to no imprisonment).

*Conclusion*

For the reasons explained in this opinion, we conclude that Pocock proved mitigating factor (d)(13), and therefore the superior court had the authority to sentence Pocock to as little as 7½ years to serve. Accordingly, we VACATE Pocock's sentence, and we remand his case to the superior court for re-sentencing.

(We do not retain jurisdiction of this case.)

---

9. *See Garner v. State,* 266 P.3d 1045, 1050–51 (Alaska App.2011) (Judges Mannheimer & Bol-ger, concurring); *Smith v. State,* 711 P.2d 561, 572 n. 8 (Alaska App.1985).